ETHAN A. CRAWFORD *v.* ISRAEL CHENEY.

ESSEX,
March,
1840.

In a cause triable before a justice of the peace, when the justice, who signs the writ, is absent on the return day, any other justice, in order to continue the suit, must be present at the place set for trial, within two hours after the time set in the writ, and have the writ in his possession.

If this is not done, the suit is discontinued, and no after proceedings can be legally had.

If, in such case, the plaintiff proceeds and takes judgment by default, the proceedings will be set aside by *audita querela*.

*Audita querela* to set aside a judgment which the defendant had obtained against the complainant, before a justice of the peace.   Plea, the general issue and trial by jury.

On the trial in the county court, it appeared that the judgment in question was obtained under the following circumstances :—

On the day set in the writ for trial before the justice, the complainant left home in company with one Grant, with the avowed intention of attending the trial of said cause.   On his way he met the justice, before whom the writ was made returnable, who informed him he was then on his way to Whitefield, N. H., and that he knew nothing of any suit and should not be at home to attend to the suit that day if there was one.   The plaintiff, therefore, returned home, giving a copy of the original writ to said Grant, and requested him, as he was going immediately to Lunenburgh, where the court was to be holden, to look after the case.   Grant went to said Lunenburgh, to the place named in the writ for trial, and found the office of T. Snell, where the court was set, locked, and Snell absent.   Grant arrived at the office a quarter of an hour before twelve M., (the court having been set at 11 o'clock, A. M.,) and remained where he could ascertain the fact that the door of the office was not unlocked until one o'clock, P. M., of the same day.   The office was an upper room in a store opening into an entry or hall.

The defendant introduced George E. Holmes, a justice of the peace, who continued the action under the statute and who testified that the present defendant came to him some time in the forenoon of the day of said justice's court, and wished him to go and continue the case.   He went for that purpose before one o'clock, P. M., to the door of the

ESSEX,
*March,*
1840.
―――――
Crawford
*v.*
Cheney.

office, the place set for trial, and found it locked.   Whether the defendant, Cheney, was with him or not does not know, or whether he had the writ could not say,he might have had it, did not call the suit at the office—went to the tavern the opposite side of the street, where he understood Grant was, and that he had some agency about the case.   He then called and continued the suit.   Grant declined having any thing to do with the suit.

The defendant introduced testimony tending to show that all this transpired before one o'clock,P. M.   The justice,who signed the writ, afterwards rendered a judgment thereon, in favor of the present defendant upon the default of the complainant, which was the judgment sought to be set aside.   The court intimated to the counsel that they would instruct the jury that the complainant would be entitled to recover in this suit, unless the suit *Cheney* v. *Crawford* was continued at the office of Snell, where the court was appointed to be holden and within the office; that if the said Crawford's agent found the office locked and remained where he knew that it was not unlocked until after one o'clock, P.M., and the office had remained so locked since before eleven o'clock, A. M., he was not obliged to go to another place to attend to said cause, or to attend to it in any other part of the same building, and that,from the facts proved in this case, the complainant was entitled to recover, notwithstanding the evidence on the part of the defendant.   The defendant submitted to a verdict for the complainant, with leave to except to the foregoing charge and to move the supreme court for a new trial, on account of error therein ; for which purpose, after judgment on the verdict, exceptions were allowed and execution stayed.

The opinion of the court was delivered by

REDFIELD, J.—There can be very little doubt, I apprehend, that the continuance of the cause before the justice, in this case, was irregular and operated a discontinuance of the suit. The statute expressly requires that the plaintiff in all actions originally returnable before a justice of the peace, shall *enter his action*, within two hours after the time set for trial.   In the case of *Phelps* v. *Birge*, 11 Vt. R. 161, this court held that, in order to a compliance with this statute, it was neces-

sary; at the least, that the justice should be at the place of holding his court, within the two hours, and have the writ in his possession or power. The same would be necessary, undoubtedly, when the cause was continued by another justice. That not being done, in the present case, the suit was discontinued.

And when a suit has been discontinued, either by agreement of the parties, or irregularity, and the plaintiff, without the consent of the defendant, proceeds and takes judgment by default, the proceeding will be set aside, on *audita querela*. *Brown* v. *Stacy*, 9 Vt. R. 118. *Phelps* v. *Birge, ubi supra*. *Eddy* v. *Cochran*, 1 Aikens, 359.

Judgment affirmed.