TIMOTHY D. HINMAN v. SERENUS SWIFT.

It is not necessary, that the affidavit, which is required to be made of the truth of the facts set forth in a writ of *audita querela*, should be annexed to the writ, or become part of the process.

In this case the judge, who signed the writ of *audita querela*, certified that the facts contained in the writ were sworn to, and on the trial the affidavit of the attorney of the complainant, in the terms required by the statute, and made before the writ was certified as a *supersedeas*, was produced ; and it was held a sufficient compliance with the statute.

The minute of recognizance, in such case, signed by the judge, is matter of record and cannot be contradicted by parol.

If the justice of the peace, before whom a writ is made returnable, is absent at the return day, another justice, in order regularly to continue the suit, must be present at the place of return, within the two hours from the time appointed for the return, and there, having the writ in his possession, continue the case ; and if this be not so done, it will operate a discontinuance of the suit.

In this case the justice, who signed a writ, was absent at the return day, and, the parties being both present at the place of return within the two hours, the plaintiff carried the writ to the residence of another justice, and procured such justice there to enter upon the writ a minute of continuance in due form of law, and brought back the writ and exhibited it to the defendant, and, after the two hours had expired, the same justice came to the place of return, where the parties were still present, and affirmed that he had so continued the suit ; and the defendant made no objections ; yet it was held, that this operated a discontinuance of the suit ; and a judgment, subsequently obtained against the defendant by default, was vacated on *audita querela*.

AUDITA QUERELA.    It was alleged in the complaint, in substance, that the defendant had heretofore caused a writ of attachment, in his favor, to be served upon the complainant, returnable on the tenth day of March, 1845, at nine o'clock in the forenoon, at the office of Sargeant and Fowler in Manchester; that the complainant attended, with his counsel, at the time and place specified, but that the justice of the peace, before whom the writ was returnable, was absent ; that the plaintiff thereupon carried the writ to the dwelling

house of another justice of the peace, and there, in the absence of the complainant and without his consent, caused such justice to enter upon the writ a continuance of the case; that the complainant remained at the place of return until after the expiration of two hours from the time of return, and the justice who signed the writ was not present, nor was any other justice present, to continue the case according to the statute; and that the defendant subsequently, at the time to which the entry of continuance by such other justice was made, took judgment by default against the complainant, and had taken out execution thereon.

The defendant moved to dismiss the complaint, for the alleged reason, that it did not appear upon the writ, that, before the same was allowed and signed, any affidavit was made by the complainant, or by his agent, or attorney, of the truth of the facts set forth in the complaint, as required by statute; and also for the alleged reason, that E. B. Burton, who was named in the minute of recognizance, never personally appeared and entered into a recognizance before the judge, who signed the minute, and that no other person ever entered into a recognizance, as required by law.

A certificate of *supersedeas*, signed by the judge, was annexed to the writ, and was in these words; "From a consideration of the facts set forth in the above writ, and *sworn to*, I am of the opinion that the said writ ought to operate as a supersedeas;" and, upon the hearing upon the motion to dismiss, the complainant produced an affidavit, stating all the facts required by statute, made by his attorney before a justice of the peace and exhibited to the judge before the writ was allowed and signed, which affidavit was not in any manner appended to the writ. There was also appended to the writ a minute of recognizance, signed by the judge, to the effect that E. B. Burton recognized before him to the defendant in due form. The county court,—WILLIAMS, Ch. J., presiding,—overruled the motion to dismiss; to which decision the defendant excepted.

The defendant then pleaded, that, the parties being present, with their counsel, at the time and place of return of the writ in the original suit, and the justice being absent, before whom the writ was returnable, the defendant carried the writ to the dwelling house of the nearest justice of the peace, and, such justice being unable then

Hinman *v.* Swift.

to attend at the place of return, the defendant procured him to enter upon the writ a minute of continuance of the case, in due form, to the seventeenth day of March, 1845, and the defendant then carried the writ back to the place of return and exhibited to the complainant and his counsel the minute of continuance so made, and no objection was made by either of them thereto ; that afterwards, and within a few minutes after the expiration of the two hours, the justice, who made such minute of continuance, appeared at the place of return and verbally confirmed the same in the presence of the complainant and his counsel, neither of whom made any objection at that time; that the complainant afterwards, on the same day, informed one of the plaintiff's witnesses in the case and also the justice who signed the writ, that the case was continued to the seventeenth day of March ; that on the seventeenth day of March the complainant's counsel were present at the hearing of the cause before the justice who signed the writ, and the complainant would have probably been present himself, if he had not previously been informed by one of his counsel, that the defendant had discontinued his suit and commenced a new suit for the same cause of action ; that a proposal was then made by the defendant to the complainant's counsel, to give farther time for the hearing, if the complainant so desired ; that on a subsequent day, to which the case was continued for consideration, the counsel were again present, and the same proposition was again made, and the case was thereupon, by the special agreement and appointment of the counsel, continued to the thirty-first day of March ; and that on that day the complainant's counsel were again present at the rendition of final judgment in favor of the defendant.

To this plea the complainant demurred, and the county court adjudged the plea insufficient. Exceptions by defendant.

———— for defendant.

I.  It is necessary that an affidavit of the truth of the facts stated should be annexed to the complaint, or should, in some way, appear upon the face of the process.

1.  As a known and general rule, every requisite to constitute a good and legal writ ought to appear upon the face of the writ.

2.  It has been the uniform practice hitherto, under the law, to append the affidavit in such case to the writ.

3. If the affidavit may be made upon a separate and loose piece of paper, it might open the door for the practice of fraud.

4. Such affidavit ought at least to be left in the hands of the judge.

5. In this case it could not be known to the judge, who signed the writ, (as it appears that no oath was taken before him,) that the facts stated in *that writ* were sworn to.

II. It is admitted by the pleadings, that the person named as recognizor did not personally appear before the judge; therefore, in making the record of the recognizance, he could not certify his personal appearance,—which is requisite.

III. The case of *Crawford* v. *Cheney*, 12 Vt. 567, which is the only adjudicated case analogous to the one at bar, was founded upon a statute obviously different from the one now in force. But if the statutes should receive the same construction, it is believed, that the features of the present case are so variant, in important particulars, from those of that case, as to warrant a different result.

1. The writ had been regularly returned to the justice, who signed it, in due season, and the entry of continuance by the other justice was within the verge, and was afterwards sanctioned by him, at the place of return, in the presence of the complainant.

2. The complainant appeared at the place of return, and was there shown, within the two hours, the entry of continuance, and made no objection at that time to the continuance, but impliedly assented thereto.

3. The complainant had every opportunity for defence, and was actually present, by his counsel, during the whole course of the subsequent proceedings.

*Miner & Burton* for complainant.

1. The statute does not require, that the affidavit should be attached to the writ. Rev. St. 222, §§ 9, 10.

2. The judge certified upon the writ, that the facts set forth in the complaint were sworn to; and this is conclusive.

3. The plea in bar is bad on general demurrer, for it admits that the justice, who continued the suit, was not present at the place set for trial, until after the two hours had expired. *Crawford* v. *Cheney*, 12 Vt. 567.

Hinman *v*. Swift.

The opinion of the court was delivered by

BENNETT, J.   The first question to be considered arises upon the defendant's motion to dismiss.   It is claimed, that the complaint was allowed and signed without any sufficient affidavit that the facts set forth in it were true.   It is said, that the affidavit must be appended to and become a part of the complaint.   The provision of the statute is, that no writ of *audita querela* shall be allowed and signed, without affidavit first made by the complainant, or his agent, or attorney, that the facts set forth in such writ are true, and that he believes the same will be made to appear on the trial of the cause.   The judge, who allowed this writ, certifies, that the facts set forth in it were sworn to; and an affidavit by the attorney was produced on the trial.   The statute does not require the affidavit to be annexed to, or become a part of the process; neither does it provide for the custody of the affidavit.   In practice it would be more correct to attach the affidavit to the process; but as the statute does not require it, we think it would be going too far to dismiss the action, because this had not been done.

The minute of recognizance, if signed by the judge, by which it appears, that E. B. Burton was recognized, &c., is conclusive.   It is matter of record and cannot be contradicted by parol.

The plea in bar, we think, cannot be sustained.   The case of *Crawford* v. *Cheney*, 12 Vt. 567, is decisive of this point.   In that case it was held, that, where the justice, who issued the writ, was absent on the return day thereof, another justice, in order regularly to continue the cause, must appear at the place, where the writ was *returnable*, within *the two hours*, and there continue the cause, or the suit would be discontinued.   In the present case this was not done, and the jurisdiction of the magistrate over the cause was lost. It was doubtless true, that the defendant in the *audita querela* was thrown off his guard, in respect to the manner in which the continuance was entered; but we can see nothing, in the multifarious matter set forth in the plea, which could have the effect to reinstate the jurisdiction of the court, or prevent its loss.

The judgment of the county court is affirmed.