## John F. Knight v. Ephraim Berry.

If the justice of the peace, before whom a writ is made returnable, be absent, at the return day, from the place set for trial, a regular continuance of the suit by another magistrate, pursuant to the statute, constitutes a sufficient *entry* of the action.

And if the office, at which the writ is made returnable, be closed, it is sufficient, if another magistrate go to the door, within two hours after the time specified for the trial, having the writ in his possession, and decide to continue the case, although he do not go within the office, and do not make an audible call of the suit and the parties, nor audibly declare the case continued, and do not make the entry of the continuance upon the writ at the door of the office, nor within the two hours.

Audita Querela. The plaintiff alleged in his declaration, that the defendant Berry sued out a writ against him, made returnable before Martin G. Everts, a justice of the peace, at his office in Rutland, on the eighth day of June, 1846, at one o'clock in the afternoon, and that the said justice was not present at his office at any time on the return day of the writ, whereby the suit was discontinued; but that the plaintiff, on the twenty ninth day of June, 1846, procured the said justice to render a judgment against the complainant, and to issue execution thereon; and that the execution so issued was in the hands of a sheriff for service. *Plea,* the general issue, and trial by jury, April Term, 1848,—Hall, J., presiding.

On trial it appeared, that a suit was commenced, in favor of Berry against the complainant, as alleged in the declaration, and that the justice, who signed the writ, was absent from his office during the entire day, on which the writ was made returnable, and that the office was locked. It farther appeared, that E. L. Ormsbee, a justice of the peace, having the writ in his possession, went to the door of the office, within two hours after the time specified in the writ for the trial, for the purpose of continuing the suit, and found the door locked, and that he said nothing there, but went into another office, in another building near, and there made an entry upon the writ, in due form, that the suit was continued to the twenty ninth day of June, 1846, at one o'clock in the afternoon,—but that this

entry was made about fifteen minutes after the expiration of the two hours. It did not appear, that the complainant knew of this continuance at the time, or in any manner assented to it; but it did appear, that the entry upon the writ was made in the office of an attorney, who had been employed by the complainant to see whether a regular continuance of the suit was obtained, and who had notice, that such entry was made at that time. Judgment was rendered against the complainant, in the original suit, by default, on the twenty ninth day of June, 1846, and execution was issued.

The court charged the jury, that if the justice of the peace, who undertook to make the continuance, went to the door of the office, where the writ was returnable, within two hours after the time specified in the writ for trial, for the purpose of continuing the suit, and did then decide to continue it, the suit was thereby legally continued, although the door of the office remained locked during the two hours, and although the case was not actually called, at the door, and although the entry of the continuance was not made upon the writ until after the expiration of the two hours, and then at another office.

Verdict for defendant. Exceptions by plaintiff.

*Thrall & Smith* for plaintiff.

*E. Edgerton* for defendant

The opinion of the court was delivered by

POLAND, J. The plaintiff in this *audita querela* insists, in the first place, that the action of *Berry* v. *Knight* was never properly *entered*, and that the writ should have been returned to the justice, who signed it, on or before the return day of the writ.

It would probably be sufficient to say, upon this point, that no such question appears, by the exceptions, to have been made upon the trial in the county court; but if made then, we think it would be entirely without legal foundation. The statute,—Rev. St., chap. 26, sec. 41,—provides what must be done, in order to make a valid entry of an action before a justice of the peace,—which is, first, that the justice, who signs the writ, shall be present, with the writ, at the

place appointed for the trial, within two hours after the time set in the writ for trial, or, second, that the suit shall be continued by some other justice, as provided in section nineteen. If the latter requirement of that section were complied with, that was all that was necessary, to make an *entry* of the action.

The plaintiff also claims, that the cause was not properly continued by Justice Ormsbee, in the absence of Justice Everts, who signed the writ; and, upon the facts which must have been found by the jury, under the charge of the court, three objections are made to the regularity of the continuance of the suit *Berry* v. *Knight*,— 1. That the justice only went to the door of the office, where the trial was appointed, and did not go within the office;—2. That the justice did not make a formal call of the suit and the parties, and did not audibly declare the suit continued;—and, 3. Because the entry of the continuance upon the writ was not made at the door of the office, where the trial was set, and not until after the two hours had expired.

In support of the first of these objections the plaintiff relies upon the case of *Crawford* v. *Cheney*, 12 Vt. 567;—and that case is, in many of its circumstances, like the present, and particularly in the fact, that the justice, who attempted to continue the cause, went to the door of the office, where the trial was set, and found it locked, and did not go into the office. But an examination of that case will show, that not only was there no stress laid upon that fact, but there was no allusion to it, even, in the supreme court. The case was decided entirely upon the ground, that the evidence did not show, that the justice, who attempted to continue the cause, had the writ in his possession, when he went to the place appointed for the trial, —which the court held to be necessary under the statute of 1832, which was in most respects like the nineteenth section of the present justice statute. We think, that what was done by the justice in this case was a substantial compliance with what the statute requires, that is, that it shall be " at the place appointed for the trial." If this was to be held insufficient on this ground, we do not see, why the justice might not be required to take some particular location within the office, or even to seat himself in the *magisterial* chair, to have his acts legal and valid.

As to the second objection, it appears to us, that when neither the parties to the suit or any other person is present at the place appointed for the trial, the law requires no such ludicrous absurdity, as that the justice should make a formal call of the suit, or proclamation of the continuance; his doing so could be productive of no benefit to any one, and his omission to do it could work no injury.

The plaintiff relies upon the case of *Crawford* v. *Cheney* to support his third objection; but that case is unlike this in this particular also. That case shows, that the justice did not continue the case " at the place," &c., but went away to the tavern, to find the defendant's agent, and after he declined having any thing to do with the case, the justice then called the case and continued it. In this case the continuance was at the proper place, though the justice went into the office of the present plaintiff's attorney, to enter it upon the writ. The statute does not require the justice to enter the continuance upon the writ " at the place appointed," &c., nor within the two hours; and we think it not necessary, in order to make the continuance legal.

It is very evident, from the facts found, that there was no injustice done to the party in this case, and that he lost no right, or opportunity, except by his own mere captiousness; and, as we think, all the proceedings were in substantial compliance with the statute.

The judgment of the county court is affirmed.