Babcock *v.* School District.

---

JOHN W. BABCOCK *v.* SCHOOL DISTRICT No. 9, IN GUILFORD.

[TWO SUITS.]

*Arbitration and Award. Discontinuance. Practice.*

The submission of the subject matter of a pending suit to arbitrators, and an award made pursuant to the submission, is a discontinuance of the action, and the failure of a party to plead the award in bar at the term following its publication, and his consent to a reference of the cause to be decided according to law, will not estop him from insisting, after the report of the referee is filed, upon the legal effect of the submission and award as a discontinuance.

The facts in these cases are stated in the opinion of the court. The causes were tried by the court on the report of the referee, at the September Term, 1861, BARRETT, J., presiding. The county court rendered judgment for the defendant, to which the plaintiff excepted.

————, for the plaintiff.

*George Howe,* for the defendant.

KELLOGG, J. The referee finds in these two cases that the subject matter of the suits was by the parties submitted to Isaac Brown and Horace Smith, who on the 24th September, 1859, after a full hearing, made an award in favor of the plaintiff. The submission was by parol. It appears from the docket entries in these cases that the two suits, which were pending in the county court at the time of the making of the award, and had been continued from term to term, were at the September Term, 1860, referred to a referee, "to be tried according to law," and that the rules of reference were duly enlarged at the April Term, 1861. The trial before the referee was in August, 1861.

It is conceded by the plaintiff that the submission of the subject matter of the suits to arbitrators is a discontinuance, (*Rixford et al.* v. *Nye et al.,* 20 Vt. 132 ; *ex parte Wright,* 6

Cowen 399,) but it is claimed that such discontinuance may be waived by the party in whose favor it operates, either by positive agreement or by his conduct in reference to it, and that the defendant did waive the discontinuance of these suits by failing to plead the same in bar at the term next following the making of the award, and by consenting subsequently to the reference. The award gave to the plaintiff a distinct cause of action, in which the subject matter of the suits became merged; and, in the absence of any agreement between the parties that the suits shall be considered as pending for the entry of judgment in the same according to the award, there is nothing to relieve the plaintiff from the effect of the discontinuance. If the suits were legally discontinued, the defendant was not bound to recognize them as pending by pleading in bar; and his omission so to plead the discontinuance in bar ought not to be taken as an admission that the suits were at that stage rightfully pending. We consider the defendant's consent to the reference as a recognition of the suits as pending in court, but we do not regard the defendant as estopped by this act from denying that the suits were rightfully pending, or from making this defence before the referee. It would be going too far to say that the act of resisting the plaintiff's right to judgments in these suits should be treated as having revived a cause of action which had become merged in the arbitration and award.

Judgment of the county court for the defendant affirmed.