### MARVIN PINNEY v. GEORGE A. PETTY.

*Justice of the Peace.    Discontinuance.    Waiver of Discontinuance.*

If a justice of the peace continue a cause returnable before him, without the knowledge or consent of the defendant, and without attending with the writ at the time and place of trial, it operates as a discontinuance of the suit.

After such continuance, the defendant appeared on the continuance day, and objected that the suit was thereby discontinued; but the justice held otherwise, and adjudged that the plaintiff pay the defendant's costs of the return day, which he did, and thereupon a trial by jury was had, the jury disagreed, and the cause again continued. At the second continuance day, another trial by jury was had, verdict for the defendant, and appeal by the plaintiff. *Held,* that the defendant had not waived his right to object that such continuance operated as a discontinuance, nor voluntarily submitted to the jurisdiction of the justice.

CASE. The writ was returnable before a justice on December 5th, 1871, when the case was continued to the 8th of January, 1872, without the knowledge or consent of the defendant, and without the justice being present with the writ at the place appointed for trial. On the 8th of January the parties appeared, and the defendant " objected to going to trial, because he was not notified of the continuance " ; but the justice adjudged that the plaintiff pay the defendant's costs of travel and attendance on December 5th, and that the trial proceed ; whereupon a trial by jury was had, the jury disagreed, and the case continued to the 27th of said January, when another trial by jury was had, ver-

dict for the defendant, and appeal by the plaintiff. In the county court, the defendant moved to dismiss the case, because the justice continued the same from December 5th to January 8th as aforesaid, claiming that thereby the case was discontinued.

The court, at the May term, 1873, BARRETT, J., presiding, dismissed the case, *pro forma ;* to which the plaintiff excepted.

*S. Fullam,* for the plaintiff.

The plaintiff insists that by taking the terms imposed by the justice, and taking two jury trials, the defendant waived all irregularities, if any existed, and made the proceedings good.

*Walker & Goddard,* for the defendant.

The pretended continuance from the 5th of December to the 8th of January, was contrary to the statute and void. Gen. Sts. ch. 31, §§ 37, 38, 39, 40, 42. This pretended continuance was an irregularity which absolved the defendant from all obligation to further appear in the case ; and all further proceedings were void or voidable, unless the defendant choose to waive such irregularity and proceed with the cause. *Bryant* v. *Pember,* 43 Vt. 599. The case shows that the defendant never waived or abandoned his objections to the irregularity of the pretended continuance. The defendant appeared with counsel on the eighth of January, and objected to further proceedings, for the special reason that the continuance was irregular and contrary to law ; but this objection was overruled, and he was forced by the justice, either to take a trial, or run the risk of some other and higher tribunal setting aside any judgment the plaintiff might have obtained, had he withdrawn from the court after the justice decided that the case must proceed. The defendant was not obliged to take this risk after having seasonably objected to the irregular, unlawful proceedings. After having thus objected, he might defend upon the merits without waiving any of his legal rights. The plaintiff having appealed to the county court, the defendant had the same right to interpose any legal defense whatsoever to the plaintiff's cause of action. *Brown* v. *Stacy,* 9 Vt.

78

118 ; *Phelps* v. *Birge*, 11 Vt. 161 ; *Crawford* v. *Cheney*, 12 Vt. 567 ; *Hinman* v. *Swift*, 18 Vt. 315 ; *Whitcomb* v. *Rood*, 20 Vt. 49 ; *Babcock* v. *School District*, 35 Vt. 250 ; *Bryant* v. *Pember & Tr.*, *supra.*

The opinion of the court was delivered by

Ross, J.   The questions presented for consideration are, whether the pretended continuance of the case on the 5th day of December, 1871, by the justice of the peace, operated as a discontinuance of it ?   And if so, whether the defendant waived such discontinuance, and submitted himself to the jurisdiction of the justice court ?   On the 5th day of December, 1871, the return day of the writ, the justice of the peace before whom the writ was returnable, entered a continuance of the case to January 8, 1872, without going, with the writ in his possession, to the place appointed for the trial.   Such want of appearance by the justice with the writ, was a discontinuance of the case.   The defendant need have given no farther attention to the case.   The language of the statute, Gen. Sts. ch. 31, § 37, is explicit on this point. It provides : " No judgment of a justice shall be considered regular and of *binding force,* unless he shall be present with the plaintiff's writ at the place appointed for the trial, within two hours after the time set in such writ," unless the case is regularly continued, in his absence, by another justice.   The decisions of this court on the construction of this and other similar statutes in regard to the entry and continuance of an action in a justice court, have all been to the effect, that the failure of the justice before whom the writ was returnable, to be present with the writ at the place appointed for the trial, within two hours after the time set for the trial, ended his jurisdiction over the case, unless' the case was continued by another justice, according to the provisions of section forty-two of the same chapter.   *Brown* v. *Stacy*, 9 Vt. 118 ; *Phelps* v. *Birge*, 11 Vt. 161 ; *Crawford* v. *Cheney*, 12 Vt. 567 ; *Hinman* v. *Swift*, 18 Vt. 315 ; *Whitcomb* v. *Rood*, 20 Vt. 601 ; *Underwood* v. *Hart*, 23 Vt. 120 ; *Babcock* v. *School District*, 35 Vt. 250 ; *Bryant* v. *Pember*, 43 Vt. 599.

The jurisdiction of the court having been once lost in this

manner, can be regained only by some voluntary, positive, affirmative act of the defendant, evincing a willingness or consent on his part that the court may proceed to hear and determine the case, notwithstanding such irregularity, working a discontinuance, has intervened. *Hinman* v. *Swift* and *Bryant* v. *Pember.* On the 8th of January, the defendant appeared and objected to having further proceedings in the case. The copies of record furnished this court, do not state very clearly the ground of the defendant's objection. Both the counsel for the plaintiff and for the defendant, have argued the case as though the defendant's objection then made was the same which he has made in the county court, namely, the failure of the justice before whom the writ was returnable, to be present with the writ at the place appointed for trial within two hours after the time named in the writ for the trial. From it having been so treated by the counsel, we assume that the objection was the same in both courts. If the defendant had appeared on the 8th of January, and raised some other objection to allowing the justice to proceed with the case, but had not raised the objection he now insists upon, it might have been a waiver of this present objection, and a submission to the jurisdiction of the court. Having insisted before the justice upon the objection which he now insists upon, and the justice having overruled the objection, and decided he had jurisdiction of the case, we do not think that the acceptance by the defendant of the terms imposed by the justice, and taking two jury trials of the case, were a waiver of his objection, or a voluntary submission by him to the jurisdiction of the justice. He could continue his appearance in the case, and oppose the rendition of a judgment against him in the justice court, without prejudice to his right to object in the county court, if he did not waive or withdraw his objection. He might accept the terms which the justice imposed, if he still insisted on his objections. He was not bound to withdraw from the contest, to preserve his rights, though he might have done so with safety to himself.

Judgment affirmed,