HARVEY B. HALL AND SEPHANIAH E. GEIGER v. CHARLES
T. PARKER, SURVIVOR OF HIMSELF AND DAVID
VERPLANK, DECEASED.

*Conditional Suretyship Avoided by Non-Compliance with Condition—
Bond Signed on Sunday.*

A surety cannot be held on a bond which he only signed upon a condition that was not performed.

Every one competent to contract for himself has a right to decide with whom he will enter into contract relations, and to make the participation or exclusion of others a condition thereto, and the reasons of his stipulations are not open to question.

A bond does not take effect from the signing, but only from delivery or filing.

A bond dated and made to take effect upon a week day will protect an obligee who had no notice that it was actually signed on Sunday.

The obligees in a bond are presumed to have notice of its form and the reasonable import thereof.

Error to Calhoun.	Submitted Oct. 25.	Decided Nov. 1.

ASSUMPSIT on bonds for costs.	The facts are in the opinion.

*James N. Robinson* and *W. S. Geer* for plaintiffs in error.	Evidence of non-compliance with the conditions to the delivery of a bond may be given in defense to an action on it.	*Pawling v. United States,* 4 Cr., 219.

*John C. Patterson* for defendants in error.	A bond dated on a week day is not void for being signed on Sunday, *Prather v. Harlan,* 6 Bush, 185; *Goss v. Whitney,* 24 Vt., 187, the obligees having no notice that it was so signed, *Bloxsome v. Williams,* 3 B. & C., 232; *Vinton v. Peck,* 14 Mich., 287; *Smith v. Sparrow,* 4 Bing., 84; *Pierce v. Richardson,* 37 N. H., 306.

GRAVES, J. This action was brought on two bonds for costs. They were produced and filed respectively in separate cases in the circuit court under orders there made in the same cases. Parker and Verplank were the defendants in each case; but in one Harvey B. Hall was plaintiff and in the other one Lewis Hall.

The bond in the case first named was given by plaintiffs in error, and it is not claimed to have been signed conditionally. In the second case, that in which Lewis Hall was plaintiff, the bond was written as one by Lewis Hall, Harvey B. Hall and S. E. Geiger to Parker and Verplank in the sum of $100 and the condition was as follows:

"The condition of this obligation is such that whereas the above bounden Lewis Hall on the 5th day of September, A. D., 1868, commenced a suit in the circuit court for the county of Calhoun in trespass against said Parker and Verplank. Now, if the said Lewis Hall shall well and truly pay, without fraud or delay, all legal costs that may be adjudged against him in said suit in case he shall fail to recover in said suit then the preceding obligation to be void, otherwise to remain in full force and virtue."

This instrument was only signed by the plaintiffs in error. Lewis Hall never signed it. Although upon its face it made known the fact that it was to be executed by Lewis Hall the suitor in the cause, and although it was expressly worded as though he had become obligor jointly with the others it was caused to be filed without his accession to it as a party. The obligees must be taken to have been fully cognizant of the form it bore and to have had notice of the fair and reasonable import of such form.

On the trial evidence was given conducing to prove that the plaintiffs in error signed this bond at the office of Mr. Pray in Albion and that Geiger so signed on the express condition that Lewis Hall should sign as principal and that Mr. Pray should retain it and not suffer it to be used without the signature of said Lewis Hall.

Upon this point the judge was requested to charge that if the jury found that Geiger signed on the express condition and agreement that Lewis Hall should sign as principal before the bond should be delivered, and relied on such

condition and agreement and should further find that said Hall did not sign and that the bond was delivered without his signature, they should find against the plaintiffs as to such bond. But the circuit judge was of opinion that such matter of defense was not applicable to a bond for costs given in the progress of a cause, and filed, and acted upon by the opposite party, and he ruled that the facts if believed would not constitute a defense. The jury returned a verdict in gross on both bonds for $131.18 and judgment was entered accordingly.

It is now urged in support of the ruling that Lewis Hall being liable independently and at all events, the fact that he did not become a party to the bond and hence liable as a co-party thereto and joint obligor is not at all material.

The view expressed by the circuit judge does not appear to be insisted on here. Be that however as it may, we are not able to assent to either claim.

Considering the shape of the bond, and its object, and seeing that it was a paper which was an incident of the cause, that it was called into being by Parker and Verplank and subjected to the scrutiny of their attorney in the very case in which it was a proceeding, it appears plain that the defense could not be excluded on any theory of equitable estoppel.

Now, it is a general principle that every person competent to act for himself has a right to decide with whom he will enter into contract relations and may make the introduction or exclusion of any other person a condition of his joining, and whatever may be his reasons for insisting on the condition he is not required to submit their validity to a court or jury. Met. on Con., 30, 31; Benjamin on Sales, § 58; *Humble v. Hunter*, 12 Q. B., 311; *Winchester v. Howard*, 97 Mass., 303; *Boston Ice Co. v. Potter*, 123 Mass., 28.

It was hence competent for Geiger when he signed the paper in Mr. Pray's office to require that it should not be used without the signature of Lewis Hall, the named principal. His right was undoubted to make it an absolute

condition that the instrument should not become his bond at all unless so executed.

The evidence extrinsic and intrinsic conduced to show that he did sign on such terms; that he did expressly make that condition and that nothing subsequently occurred to derogate from it, or deprive him of the right to insist upon it, and if such was the case he was not only entitled to prove it but to rest upon it as a matter of defense. His request was right. *Lovett v. Adams*, 3 Wend., 380; *Bean v. Parker*, 17 Mass., 591; *Cutter v. Whittemore*, 10 Mass., 442; *Wood v. Washburn*, 2 Pick., 24; *Danker v. Atwood*, 119 Mass., 146; *Pawling v. United States*, 4 Cranch, 219.

Even if the fact were unquestioned it is not pertinent to contend that the liability would be the same with or without the principal's name in the bond.

The right of Geiger is not dependent on any such consideration. He chose to define the terms on which he would be a party,—to fix the condition on which he would become bound, and the bond was worded accordingly. Those terms and that condition were not complied with, and he avers that he is not a party and has never become bound. The obligees may not say, "It is true you never consented to this obligation but still it is no worse for you than the one you were willing to enter into." Granting that his liability would be the same either way, the admission amounts to nothing if he is not bound at all.

It may be well to add however, to avoid all misconception that it is not conceded that his actual position in reference to all legal eventualities of consequence to his interest would be the same whether the bond were that of the principal or not.

The case does not require an examination of this feature and hence no explanation will be attempted.

Evidence was offered to show that the other bond though dated and filed on a business day and apparently executed and caused to take effect on that day was in fact signed by Geiger on Sunday. Objection being made the evidence was excluded.

This ruling was correct. The bond was given under an order of the court in a pending cause, and by means of it the principal was enabled to keep his cause in court and prosecute it to judgment. It was fair on its face and afforded no hint that it had been signed on Sunday. There was nothing whatever to suggest to the court or the obligees anything of the kind. It was relied on as a bond which had been executed according to its import. It could not take effect from the signing, but only from delivery or filing. This took place upon a business day. *Love v. Wells,* 25 Ind., 503; *Beitenman's Appeal,* 55 Penn. St., 183; *Flanagan v. Meyer,* 41 Ala., 132.

It has been held that a note is not impaired on account of being signed on Sunday if it be not delivered on that day. *Hilton v. Houghton,* 35 Me., 143; *Lovejoy v. Whipple,* 18 Vt. 379; *Com. v. Kendig,* 2 Penn. St., 448; *Clough v. Davis,* 9 N. H., 500; *Hill v. Dunham,* 7 Gray, 543; *Adams v. Gay,* 19 Vt., 358; see also *Stackpole v. Symonds,* 23 N. H., 229, and *Vinton v. Peck,* 14 Mich., 287; and the court in *Com. v. Kendig, supra,* decided that an official bond executed on Sunday is not void as to the parties to be protected by it. See also 2 Pars. on Con., 757 to 765, and notes.

As this paper was framed, dated, signed and filed as a bond executed on a week day, as it was received by the court as such a bond, and as the obligee who relied upon it had no notice or intimation that either signature had been put to it on Sunday, and as it was actually made to take effect on a week day, the circumstance that the act of signing occurred on Sunday could not be allowed to invalidate the instrument.

The other questions require no notice.

The judgment should be reversed with costs and a new trial granted.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.