## STATE v. T. F. MEAGHER AND JOHN HEALEY.

*Mandamus. Statute of Limitations. Continuance. Discontinuance. Recognizance Void. Certiorari.*
R. L. s. 1401.

1. A writ of *mandamus* is the proper process to compel the clerk of a municipal court to furnish certified copies of its records.
2. There is no Statute of Limitations that bars the right to prefer a petition for a writ of *mandamus*.
3. The clerk of a municipal court, in the absence of the judge, continued a case three weeks and five days, when he was empowered by statute to continue it only *three weeks; Held*, that the continuance operated a discontinuance; and that a subsequent continuance by the judge did not have the effect to revive the case.
4. *Held*, further, it being a criminal cause, that the court had no authority to issue a new warrant commanding the respondent to be arrested to answer to the old complaint; and that the recognizance required by the court and entered into by the defendant and his surety, was void; as there was no legal cause in court.
5. Practice. An action of debt on a recognizance was pending on appeal in the County Court. The clerk of the court, from which the appeal was taken, refused to furnish copies of the records, which were necessary for a defence, until after the appeal case was tried and the defendant had brought a petition

State *v.* Meagher.

for a writ of *mandamus* to compel the production of the records.  In this condition, the court heard the exceptions, and rendered judgment, as if the matters in the records had been properly pleaded.

ACTION of debt on a recognizance.  Heard on demurrer, December Term, 1882, VEAZEY, J., presiding.  Demurrer overruled, and judgment for the plaintiff.

The petition for a writ of *certiorari, mandamus*, &c., was dated January 23, 1884.  The other facts as to this petition are sufficiently stated in the opinion.  The declaration in the original action averred that the State's attorney made complaint against the defendant Meagher for the illegal sale of intoxicating liquor.  The writ was dated November 20, 1882; and the defendant was notified to appear before the municipal court of the village of Bennington.  It appeared that the complaint and warrant against the defendant, Meagher, were dated April 11, 1882; that he was arrested June 29, 1882, on the warrant issued by said court; that the judge of the said municipal court being absent, the clerk of the court continued the cause to the 25th day of July, 1882; that on the 20th day of July the judge of said court continued said cause to the said 25th day of July; that on July 25th the court continued the cause to the 15th day of August, 1882; that when defendant Meagher was arrested June 29th he entered into a recognizance, with M. E. Burgess as surety, in the sum of $500 for his appearance at court on July 25th; and that this recognizance was forfeited by the court on August 15th for want of said Meagher's appearance in court.

It further appeared that on November 15, 1882, said court issued a new warrant for the arrest of said Meagher, " to answer to a complaint presented against him by the State's attorney, and filed in said court on the 11th day of April, A. D. 1882. "  Meagher was arrested and brought into court.  He moved to dismiss, on the ground that the cause was continued by the clerk from the 29th of June to the 25th day of July.  The motion was overruled; the cause was continued

to the 17th day of November, 1882, and Meagher and John Healey recognized in the sum of $500. On the failure of said Meagher to appear on the 17th, the bond was forfeited, and this recognizance was the basis of this suit.

*Batchelder & Bates* and *W. B. Sheldon,* for the defendant.

The demurrer was a proper plea. 1 Whar. Am. Cr. L. 526. The continuance by the clerk operated to continue the cause out of court. ‾1 Whar. Am. Cr. L. 545; Brayt. 140; *Pinney* v. *Petty,* 47 Vt. 616; *Bryant* v. *Pember,* 43 Vt. 599. The active force of the old complaint was exhausted by the continuance. 1 Whar. Am. Cr. L. 545. No action can be supported upon the recognizance. 7 Mass. 284; 27 Vt. 276.

*J. E. Fenn,* State's attorney, for the State.

There is no question before this court except what was before the County Court. There is nothing but the declaration for the demurrer to act upon; and if the declaration shows a sufficient cause of action, the demurrer was properly overruled. The other proceedings could not be reached without a plea.

The opinion of the court was delivered by

ROYCE, Ch. J. This is a petition addressed to the Supreme Court praying that a writ of *certiorari, mandamus,* or other appropriate writ, may issue, directed to the municipal court of Bennington, commanding that court to certify to the Supreme Court the files, proceedings, minutes, records, and purported records of that court, in the cause in which the said Meagher was prosecuted before said court on the complaint of the State's attorney and the said Healey became recognized with Meagher for his appearance in court, in order that they may be inspected in the suit now pending in this court, brought upon said recognizance.

The State's attorney moved to dismiss the petition for the reason that it was not brought within one year from the rendition of the judgment rendered in the County Court in

the case of the *State* v. *Meagher and Healey.* If the writ of *certiorari* were the only one that could issue to compel the certifying of the records referred to, it is doubtful whether this petition was seasonably brought; as R. L. s. 1401, requires that petitions for *certiorari* shall be commenced and served within one year after the rendition of the judgments to reverse which they are brought; but we do not deem it necessary to decide that question. The petition, it will be noticed, is in the alternative, praying for the one writ or the other, or for such writ as the court may deem appropriate to secure the desired result.

Section 18 of No. 203 of the Acts of 1880, establishing the municipal court in and for the village of Bennington, provides that the clerk of that court shall furnish to any person, on demand and tender of legal fees, certified copies of any of the records, proceedings, or minutes of said court, under the seal thereof. The act is mandatory, and the duty of the clerk is clearly defined. It is alleged in the petition and not denied, that the legal fees for the copies desired were tendered to the clerk, and that he refused to furnish them. The proper process for compelling the furnishing of such copies, we think, is a writ of *mandamus.* The duty of the clerk to furnish them is ministerial, and where it is by statute made the duty of an officer to perform a duty that is purely ministerial, the writ of *mandamus* will issue to compel its performance. High Ex. Rem. ss. 240, 241, 242, 243. There being no statute of limitations which bars the right to prefer a petition for such a writ, the motion to dismiss is overruled.

The writ is a discretionary one. Here, the procuring of the records for the inspection and consideration of the court was indispensably necessary to the defence of the suit *State* v. *Meagher and Healey;* hence the discretion of the court should be exercised in favor of its issuance; and if there was any apparent necessity for making an order that such a writ should issue, we should make it. But the

records of the municipal court have all been produced since the trial in the County Court, and are now here for our inspection; and we think it is for the interest of the parties that we should now render such judgment, upon the exceptions and copies of record that are now before us, in the case of *State* v. *Meagher and Healey,* as the County Court should render if the matters contained in those records were properly pleaded as a defence.

It is claimed that the recognizance which was entered into by Meagher and Healey was not legal and enforceable, because it appears by the copies of record that there was no such prosecution pending at the time it was entered into as justified the municipal judge in requiring or taking it. It appears that the complaint upon which Meagher was arrested and to answer which he and Healey became recognized for his appearance, was presented by the state's attorney to the municipal judge on the 11th day of April, 1882, and said judge on the same day issued a warrant upon the same, on which Meagher was arrested on the 29th day of June, 1882, at which time, the judge being absent, the cause was continued by the clerk of said court until the 25th day of July, 1882, a period of three weeks and five days. The power of the clerk to continue causes on account of the absence of the judge, is conferred by the 15th section of the act creating the court; and it is expressly stated in that section that he shall continue the same for a period not exceeding three weeks. The continuance by him for a longer period, therefore, operated as a discontinuance of the cause and the continuances entered by the judge after the one entered by the clerk on the 29th of June did not have the effect of reviving or keeping it in life.

There is nothing in the record tending to show that Meagher waived his right to claim that the proceeding was discontinued; but on the contrary it appears that upon all occasions when he had opportunity he insisted that there

were no legal proceedings pending that he was under obligation to answer to.

It would seem that the idea of holding him responsible on account of what transpired before the 15th of November, 1882, was abandoned, for on that day a new warrant was issued by the municipal judge, commanding his arrest to answer to the complaint that was exhibited on the 11th day of April, to answer to which he had once before been arrested, and the whole proceeding, as we have seen, discontinued. It was while Meagher was under arrest on this last warrant that the recognizance of Meagher and Healey was entered into; and the question is presented as to the right of the judge to attach a second warrant to that complaint and cause the arrest of Meagher. If he had no such right, the arrest was unlawful, and he had no such jurisdiction over the party as justified him in requiring a recognizance to be entered into; and if one was entered into, it was voidable, if not void.

While a discontinuance of a cause is not, in general, a bar to a new suit or prosecution for the same matter, it is not allowable to use the proceeding which has been discontinued, or any part thereof, upon which to predicate such new suit or prosecution. The legal effect of a discontinuance is to bar the party from the use of such proceeding in any subsequent attempt to enforce the same claim or right.

In *Bryant* v. *Pember & Smith*, 43 Vt. 599, it was said, that where a justice of the peace had continued a suit for more than thirty days, it was continued out of court; that the defendant was absolved from all obligation to appear further in the cause; and that any judgment thereafter rendered in it would have been of no force or validity; and in *Crawford* v. *Cheeney*, 12 Vt.' 567, that where a suit had been so discontinued, no after proceedings could legally be had.

The cause in which the judgment was rendered by the municipal judge was the cause which had been discontin-

· ued; the complaint exhibited on the 11th of April constituted the cause, and the warrant issued on the 15th of November was the process used to compel Meagher to again appear to answer to it. In our judgment the municipal judge exceeded his power in requiring Meagher to again appear to answer to said complaint; and when he was arrested and brought before the court there was no legal cause pending that he was under obligation to answer to. The judge, therefore, had no right to require that he should give bail for his subsequent appearance, and the recognizance entered into by Meagher and Healey for that purpose was void.

The judgment of the County Court is reversed, and judgment rendered for the defendants.