JOHN JOHNSTON AND EDWARD VINCENT V. TOWNSHIP OF KIMBALL.

*Official bond—Suretyship.*

Sureties are not liable on an official bond signed by them alone, and without their knowledge or consent accepted without the signature of a principal who is named upon its face as the primary debtor. And the burden of proving their consent to its being so accepted is on those who try to enforce it.

A township treasurer should be a party to his own official bond.

A surety can insist that he will not be bound except upon his own terms and his obligation cannot fairly be extended beyond the scope of his written contract, as under the Michigan statute of frauds his agreement must be in writing.

Error to St. Clair. Submitted June 14. Decided June 21.

ASSUMPSIT. Defendants bring error.

*Brown & Farrand* for plaintiffs in error. Sureties have been held liable on bonds that were executed by only part of those who should have joined in their execution, *Cutter v. Whittemore,* 10 Mass., 442; *Moore v. Sandusky,* 46 Mo., 380; *Exp. Fulton,* 7 Cow., 484; *Scott v. Whipple,* 5 Me., 336; *State v. Bowman,* 10 Ohio, 445; *Parker v. Bradley,* 2 Hill, 584; *State v. Peck,* 53 Me., 284; *Deardorff v. Foresman,* 24 Ind., 481; but see *Duncan v. U. S.,* 7 Pet., 435; *Williams v. Marshall,* 42 Barb., 528; *Bean v. Parker,* 17 Mass., 591; *Wood v. Washburn,* 2 Pick., 25; *Fletcher v. Austin,* 11 Vt., 447; *Barnes v. Lewis,* 73 N. C., 141; *State v. Potter,* 63 Mo., 224; *Daire v. U. S.,* 16 Wal., 1; *Nash v. Fugate,* 24 Gratt., 212; *Wild Cat Branch v. Ball,* 45 Ind., 216; *Sacramento v. Dunlap,* 14 Cal., 421; *York County M. F. Co. v. Brooks,* 3 Am. L. Reg. (N. S.), 403; *Sharp v. U. S.,* 4 Watts, 21.

*E. G. Stevenson* and *O'B. J. Atkinson* for defendant in error. A bond may be just as binding on sureties without as with the principal's signature, *Palmer v. Oak-*

*ley,* 2 Doug. (Mich.), 443; *Adams v. Bean,* 12 Mass., 136; *U. S. v. Linn,* 15 Pet., 290.

CAMPBELL, C. J.　Recovery was had against plaintiffs in error as bondsmen of Horatio N. Maxwell, a defaulting treasurer of the township of Kimball.

The official bond of that officer was drawn up in the usual manner, setting forth himself as principal and plaintiffs in error as sureties by name, and bound them all to the performance of his duties.　He never signed the bond, and it was accepted by the supervisor without any knowledge or consent of the sureties that it was not to be signed by the principal.

The court below, although there was positive evidence of a want of consent, directed judgment against the sureties.

Our statutes plainly contemplate that the treasurer shall himself be a party to his own official bond.　Comp. L., §§ 713, 716, 717.　And while we are not prepared to hold that a bond knowingly and intentionally given without his concurrent liability will not bind the obligors, we are of opinion that where he purports to be obligor and does not sign the bond, there must be positive evidence that the sureties intended to be bound without requiring his signature, before they can be held responsible.　The obligation of a surety cannot fairly be extended beyond the scope of his written contract, inasmuch as under our Statute of Frauds his agreement must be in writing; and we think that presumptively, at least, where the contract which he signs calls for the signature of other parties, the instrument is to be deemed inchoate and imperfect until they also sign it.

We are quite aware that there is a conflict in the cases on this subject as to the presumption of consent and the burden of proof.　In the recent case of *Hall v. Parker,* 37 Mich., 590, we acted upon the principle which we now act upon, and held a surety not liable on a bond which was not completed according to its terms.　In *Wells*

*v. Dill,* 1 Mart. (La.) [N.S.], 592, the doctrine was thus laid down: "The contract is incomplete until all the parties contemplated to join in its execution affix their names to it; and while in this state cannot be enforced against any one of them. The law presumes, that the party signing, did so, upon the condition that the other obligors named in the instrument should also sign it; and their failure to comply with their agreement gives him a right to retract. The authority of Pothier is express on this head. Pothier, Traité des Obligations, No. 11." In our opinion this doctrine is the safest and most in accordance with principle.

Where several names are written as co-obligors and one of them is called upon to sign it, he does so upon an implied understanding that he can in case of being held responsible, not only have his right to contribution, but a further right to have it capable of proof and enforcement according to the terms of the contract as it purports to be drawn up. And he has a right to insist that he will not be bound except upon his own terms, reasonable or unreasonable. It is for himself and not for others to determine these terms. And if it is claimed he has waived them, or become estopped from relying on them, the burden of proof ought not to be laid upon him to show that there has been no variance, but upon the plaintiff to show what is substantially a new contract.

Although we do not base our decision upon the ground that in this case there are substantial and legal reasons for requiring the treasurer to sign his own bond, yet such reasons are not without force. It was claimed on the argument that the sureties would have a right of contribution against the treasurer at any rate, whether he did or did not sign the bond with them. This may be true, but if he had signed the bond he would not only be estopped by the judgment from contesting his liability, but the sureties could require recourse to his property to satisfy the execution before seizure of theirs. These are not barren advantages.

The case of *McCormick v. Bay City*, 23 Mich., 457, has no bearing on this case. There the sureties signed a bond which had not the names of other obligors inserted, and which when completed and filed had nothing suspicious on its face. Here the bond shows on its face that the principal has not signed a paper in which he is positively set forth as the person whose signature is to be that of the primary debtor, whose fellow-obligors only promise that he shall do his duty. The difference is obvious.

The present case is within the principle of those cases which throw the burden of proof on the sureties to establish their non-consent, for here that non-consent was made out. But we are not disposed to follow that rule, which seems to us in violation of the fundamental principles of suretyship, and essentially unjust.

The judgment must be reversed with costs of both courts, and judgment on the record for plaintiffs in error, as the declaration makes out no cause of action.

The other Justices concurred.