HARVEY B. HALL AND SEPHANIAH E. GEIGER v. CHARLES
T. PARKER, SURVIVOR OF HIMSELF AND DAVID
VERPLANCK DECEASED.

*Bond—Surety's liability when principal does not sign.*

The sole liability of sureties upon a bond which names their prin-
cipal as an obligor, but which he has not signed, cannot be
established without positive proof that they delivered the bond
to be operative against themselves alone.

Error to Calhoun.    Submitted June 20.    Decided
Oct. 9.

ASSUMPSIT on bond.    Defendants bring error.

*James N. Robinson* for plaintiffs in error.

*J. C. Patterson* and *W. H. Brown* for defendant in error.

CAMPBELL, C. J.    Recovery was had below upon two
bonds signed by Hall and Geiger, one of which was on
its face drawn up as a joint security with one Lewis
Hall, to secure costs in a case where Lewis Hall was
plaintiff, but not signed by Lewis Hall.

The court below allowed Geiger to be questioned
whether he had not before signed bonds with Harvey B.
Hall without requiring Lewis Hall to sign them as a
condition for the signature of witness.    The jury were
also instructed that the burden of proof was on defend-
ants below to show that they signed on condition that
Lewis Hall should sign also.

This bond was upon its face a bond in which Lewis
Hall was named as a party and as the person whose
obligation was to be secured, who was therefore the
principal obligor.    It was immaterial whether or not
Geiger had signed other bonds with Harvey Hall and
not required Lewis to sign.    This was a bond which on
its face required such a signature, and if it were admis-

sible to prove one contract by the fact that the parties had on some occasion made another,—which is certainly a novel proposition,—this case would bear no resemblance to one where Lewis was a stranger, and not principal.

We decided at the June term, in *Johnston & Vincent v. Township of Kimball*, ante, p. 187, as we practically decided in this case when formerly before us .(37 Mich., 590), that there was no presumption that sureties had agreed to waive the signature of a principal whose name appeared as an obligor with theirs in the bond, and that if such a bond could be established as a liability against them without his signature, it could only be by positive proof that they had delivered it to become operative as against themselves alone.

The judgment must be reversed with costs and a new trial granted.

We cannot but express our surprise at the rulings below in a case which had already been reversed on the same question. This is a litigation in which the obstinacy of parties has made costs far exceeding the amount in controversy. Such exhibitions of litigious ugliness are not creditable.

The other Justices concurred.