# TRUSTEES OF SCHOOLS

*v.*

# JACOB SHEIK *et al.*

*Filed at Ottawa October 5, 1886.*

1. SURETY—*undertaking strictly construed—technical defects in execution of official bonds.* The undertaking of a surety should be construed strictly, and he will be bound only in the manner and to the extent set forth in the obligation executed by him; but a surety on an official bond should not be allowed to avoid his undertaking upon a mere technical defect in the execution of the instrument.

2. SAME—*bond not signed by the officer—liability of the surety—and, herein, as to the effect of a conditional signing by the surety.* Sureties who execute an official bond on the promise of the officer that he will also execute the same before delivery, will be liable on the bond, notwithstanding the officer may fail to sign it before its acceptance and approval.

3. Where, however, a school treasurer's bond is signed by the sureties upon condition it shall not be delivered until executed by the treasurer, and the trustees of schools have notice of such condition, or notice of such facts pointing to such a condition as to put a prudent man on inquiry, before they accept the same, and they take the bond without performance of the condition, they will not be innocent holders, and therefore can not enforce the bond against the sureties.

4. SAME—*right of surety to recover against the principal who did not sign the instrument.* A surety who executes an official bond of another at his request, and upon his promise also to sign the same before delivery, may maintain an action against the officer for any sum he may be compelled to pay as such surety, notwithstanding such officer has never executed the bond.

5. CONTRACT—*whether executed upon a condition.* Where an officer, in procuring the signatures of sureties to his bond, promises them that he will sign the same before its delivery, which he fails to do, this will not constitute the execution of a bond upon condition, when the sureties rely upon the promise, and not upon a conditional delivery.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. GEORGE W. STIPP, Judge, presiding.

Mr. James Frake, and Mr. B. W. Ellis, for the appellants:

When a bond is required, and the form is required by statute, and the bond is voluntary, if the exact statutory form is not followed the bond will still be obligatory. *Prichett* v. *People,* 1 Gilm. 525; *Fournier* v. *Faggott,* 3 Scam. 347; *Ballingall* v. *Carpenter,* 4 id. 506.

If not good as a statutory bond, it will be binding as a common law obligation. *Todd* v. *Cowell,* 14 Ill. 72; *Coons* v. *People,* 76 id. 383; *Richardson* v. *People,* 85 id. 495; *Board of Education* v. *Fonda,* 77 N. Y. 350.

A bond is none the less obligatory upon those who do sign it, because others whose names are written in the body of the bond do not sign it. *Burger* v. *Belsley,* 45 Ill. 72; *Keys* v. *Keen,* 17 Pa. 330; *Haskins* v. *Lumbard,* 16 Me. 142; *Scott* v. *Whipple,* 5 Greenlf. 336; *Gutler* v. *Witmore,* 10 Mass. 444; *Grumm* v. *School Directors,* 41 Pa. 219; *Redfield* v. *Show,* 50 Me. 36; *Town* v. *Kellett,* 11 Ga. 286; *Blume* v. *Barrows,* 2 Ired. L. 338; *State* v. *Lewis,* 73 N. C. 138; *Ward* v. *Chum,* 18 Gratt. 809; *Johnson* v. *Weatherwax,* 9 Kan. 75; *Smith* v. *Peoria County,* 59 Ill. 414.

The surety is none the less bound, because the one whose name was in the body of the bond, but who did not sign, would have been the principal. *Loen* v. *Stocker,* 68 Pa. 326; *State* v. *Bowman,* 10 Ohio, 445; *Miller* v. *Ferris,* 10 Upper Canada, 423; *Williams* v. *Marshall,* 42 Barb. 524; *Herrick* v. *Johnston,* 11 Metc. 34; *Adams* v. *Bean,* 12 Mass. 159; *Parker* v. *Bradley,* 2 Hill, 584; *Wild Cat Bank* v. *Ball,* 45 Ind. 213.

The name of Reitz in the premises of the bond, was not notice to the obligees that he was to sign it before it should become obligatory. *Smith* v. *Peoria County,* 59 Ill. 414.

Messrs. Hill & Dibell, for the appellees:

The liability of a surety is to be strictly construed. *Stull* v. *Hance,* 62 Ill. 55; *Chilton* v. *People,* 66 id. 501; *Covington*

v. *Smith*, 78 id. 250; *Trustees* v. *Otis*, 85 id. 181; *Cooper* v. *People*, id. 417; *Miller* v. *Stuart*, 9 Wheat. 702; *Martin* v. *Thomas*, 24 How. 315.

A bond is incomplete until signed by the principal. *Curtis* v. *Moss*, 2 Rob. (La.) 367; *Villere* v. *Brognier*, 3 Mart. 349; *Fletcher* v. *Light*, 4 Bush, 303; *Smith* v. *Moberly*, 1 B. Mon. 266; *Hall* v. *Smith*, 14 Bush, 604; *Sharp* v. *United States*, 4 Watts, 21; *State Bank* v. *Evans*, 3 J. S. Green, (15 N. J.) 155; *Deardoff* v. *Fousman*, 24 Ind. 481; *Webb* v. *Baird*, 27 id. 368; *Dair* v. *United States*, 16 Wall. 5; *Wood* v. *Chum*, 18 Gratt. 801; *Fletcher* v. *Baxter*, 11 Vt. 447; *Johnson* v. *Kimball Township*, 39 Mich. 187; *Cawley* v. *People*, 95 Ill. 258; *Allen* v. *Marney*, 65 Ind. 398; *Ferry* v. *Burchard*, 21 Conn. 602; *Bean* v. *Parker*, 17 Mass. 603; *Russell* v. *Anable*, 109 id. 72.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by the board of school trustees, against appellees, upon the bond of Philip Reitz, a defaulting school treasurer. In the circuit court, the plaintiffs recovered a judgment, but, on appeal, the Appellate Court reversed the judgment, and decided that no action could be maintained on the bond against the sureties, and under this ruling no remanding order was entered. The bond was never executed by Philip Reitz, the principal, although his name was inserted in the condition and obligatory part of the instrument. It was properly executed by appellees, as sureties, and was accepted and approved by the board of school trustees.

Much reliance seems to be placed, in the argument, upon the finding of facts as incorporated in the judgment of the Appellate Court, it being claimed that the court found that appellees signed the bond upon the condition that it should not be delivered until it had been executed by the principal. We do not so understand the finding. The circuit court had

found the facts, and recited in the record what that finding was, and this seems to have been adopted and sanctioned by the Appellate Court. Upon an examination of the finding of the circuit court, it will be seen that the court found, from the evidence, that Reitz promised the sureties that he would sign the bond before it was delivered. This, however, does not constitute the execution of a bond upon condition that it should not be delivered unless executed by the principal. Indeed, the sureties seemed to rely upon the promise of Reitz, and not upon a conditional delivery, as is apparent from the finding of facts by the circuit court, and from the decided weight of evidence.

It is also said that the liability of appellees should be construed strictly. The general rule is, that the undertaking of a surety is to be construed strictly. He is only bound in the manner and to the extent set forth in the obligation executed by him. (*Cooper* v. *The People*, 85 Ill. 417.) But, adhering to this rule to its ultimate limit, are the sureties liable on the obligation which they executed? The statute required this bond to be executed and delivered to the trustees, for the purpose of keeping secure the public funds, and for the purpose of guarding against a public loss. In view of this fact, while we regard it proper to adhere to the rule of law indicated above, still a surety who has incurred an obligation of this character should not be allowed to escape liability upon a mere technical defect in the obligation he may have executed, which does not go to the substance of his undertaking. Keeping this principle in view, we will examine the principal objections urged against the validity of the bond upon which the action is predicated.

It is claimed that where the name of an intended co-obligor appears upon the face of a bond, who has not executed it, the instrument is imperfect, and not binding. The decisions of the courts of the different States are not harmonious in regard to the binding effect of a bond upon the rights of

sureties, where the bond has not been executed by the principal. In *Bean* v. *Parker*, 17 Mass. 603, where an action was brought against the sureties on a bail bond which had not been executed by the principal, the court held that no action could be maintained. It is there said: "We think it essential to a bail bond that the party arrested should be a principal. It is recited that he is, and the instrument is incomplete and void without his signature." In a late case, (*Russell* v. *Annable*, 109 Mass. 72,) where the principals in a bond constituted a firm, and the firm name was signed by one of the partners, the court held that the surety was not bound unless it appeared that the partner who signed the firm name had authority from his partner to do so. In *Wood* v. *Washburn*, 2 Pick. 24, an administrator's bond, not executed by the administrator, was held not to be binding on the surety. In *Ferry* v. *Burchard*, 21 Conn. 602, a similar question arose, and the court held that a contract of a surety was of such a nature that there could be no obligation on his part unless the principal was also bound. In *Brown* v. *Jetmore*, 70 Mo. 228, (a late case, and one, too, quite similar to the one before us,) the sureties on a constable's bond were held not liable for a default of the constable, upon the sole ground that the bond had not been executed by the principal. There are other cases holding a like view, and there are others which hold that the sureties may be held liable although the principal did not execute the instrument. *State of Ohio* v. *Bowman*, 10 Ohio, 445, was an action on a treasurer's bond. The principal's name was in the body of the bond, but he did not sign the instrument. The sureties defended on the ground that the principal had not signed it, but the court held that they were bound. *Loen, Admr.* v. *Stocker*, 68 Pa. 226, was an action against sureties on a bond of indemnity. The principal's name had been signed without authority. In the decision of the case it was said: "Had the bond not been executed at all by the principal, though his name was men-

tioned as one of the obligors in the body of the instrument, it is clear that the surety could not avail himself of this fact as a defence." *Herrick* v. *Johnson,* 11 Metc. 34, *Keyser* v. *Keen,* 17 Pa. St. 330, *Haskins* v. *Lambert,* 16 Me. 142, *Grim* v. *School Comrs.* 51 Pa. 219, *Williams* v. *Marshall,* 42 Bar. 524, and *Miller* v. *Ferris,* 10 Upper Can. 423, announce a similar rule.

*Johnson* v. *Township of Kimball,* 39 Mich. 187, is a case in its facts quite similar to the one under consideration. There, as here, the suit was against the sureties on the official bond of a defaulting treasurer. The bond was drawn, setting out the names of the principal and sureties, but it was never executed by the principal. In the decision of the case the court said: "Our statute plainly contemplates that the treasurer shall himself be a party to his own official bond. And while we are not prepared to hold that a bond knowingly and intentionally given without his concurrent liability will not bind the obligors, we are of the opinion that where he purports to be obligor, and does not sign the bond, there must be positive evidence that the sureties intended to be bound without requiring his signature, before they can be held responsible." See, also, *Hall* v. *Parker,* 39 Mich. 287, where the same doctrine is announced.

We have given the authorities bearing on the question due consideration, and we are not inclined to adopt the view held by the courts, that a bond signed by the sureties without the signature of the principal may not be binding upon those who execute it, as was held in the case cited from Missouri, and other like cases. If the sureties saw proper to bind themselves without the principal executing the bond and becoming bound, we think they might do so, and their undertaking is one that may be enforced in the courts by an appropriate action. The fact that the principal obligor in this case failed to sign the bond, was a mere technicality, which ought not to affect the rights of any of the parties concerned. In what way are the sureties injured by the omission of the prin-

cipal obligor to sign the bond? If they are compelled to pay the trustees any sum of money on account of the default of the treasurer, they can recover the amount back from him whether he signed the bond or not. So far, then, as they are concerned, they are in as good a position as if Reitz, the treasurer, had properly executed the bond. If Reitz is insolvent, a judgment in favor of the trustees, against him, could be of no benefit to the sureties. If, on the other hand, he is solvent, the sureties can collect from him whatever sum they may be required to pay in consequence of executing the bond. If the bond had been signed by the sureties upon condition that it should not be delivered to the trustees until executed by the treasurer, and if the trustees had received notice of such condition, or notice of such facts pointing to such a condition as might put a prudent person on inquiry, before the bond was approved, then they could not be regarded as innocent holders of the instrument, and entitled to maintain an action upon it. But the sureties, as appears, did not sign the bond on such a condition, but executed the instrument, and relied merely upon the promise of the treasurer that he would, before delivery of the bond, sign it. This was no more than a secret promise made by Reitz, the treasurer, to those who signed as sureties, which could not be binding upon the trustees. They had no notice of the arrangement existing between the treasurer and the sureties, and they ought not to be affected by it.

In *Smith* v. *Peoria County*, 59 Ill. 414, where an action was brought upon an official bond against one of the sureties, he set up as a defence that he signed the bond on condition that it should also be executed by one Cox, as co-surety, before it should be delivered; that Cox failed to execute the bond; that, in violation of the agreement, the bond was delivered, without his knowledge or consent. On demurrer to pleas in which this defence was set up, the matters alleged were held not to constitute a valid defence to the action on the bond,

but other pleas in which the same facts were set up, and also that the plaintiff had notice, were held to constitute a valid defence to the action. Under the ruling in the case cited, if the bond in this case was signed by appellees upon condition that it was not to be delivered until executed by the principal, and the trustees, at the time they accepted and approved the bond, had notice, no action could be maintained on the bond; but, as said before, no such defence was made out.

The judgment of the Appellate Court will be reversed, and the cause remanded to that court for further proceedings in conformity to this opinion.

*Judgment reversed.*

Mr. Justice Scholfield, dissenting.