INHABITANTS OF BOOTHBAY HARBOR

*vs.*

CLARA A. MARSON, Admx., et als.

Lincoln.     Opinion December 23, 1914.

*Action of Debt.     Breach.     Declaration.     Joint Obligors.     Penalty.     Principal.*
*Sureties.     Treasurer's Bond.*

1.  In suing upon a bond at common law there are two courses open to the plaintiff.  The declaration may be framed for the penalty only without mentioning the condition or assigning any breach of it; or the condition may be set out and breaches of it assigned in the declaration.

2.  Where the officer to be bound, in the case at bar, failed to sign the bond, such failure does not render the bond void, for the principal was under obligation to perform his official duty, and this he was bound by law to do just as effectually as if he had covenanted to do it by signing the bond.

On report.  Judgment for defendants, Clara A. Marson, Hattie B. Moody and Evelyn Sawyer.  Judgment for plaintiffs against the other defendants in the sum of $612.09, with interest from the date of the writ.

An action of debt brought by the Inhabitants of Boothbay Harbor against the sureties on the official bond of Fred C. Blake as treasurer of the town of Boothbay Harbor for the year 1907.  Pleas, the general issue.  At the conclusion of the evidence, the case was reported to the Law Court by agreement of parties, upon so much of the evidence as is legally admissible, the Law Court to render such final judgment therein as the law and the admissible evidence require.

The case is stated in the opinion.

*J. B. Perkins, and W. R. Pattangall,* for plaintiffs.

*C. R. Tupper, and A. S. Littlefield,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.   This is an action of debt brought against sureties on a town treasurer's bond.   Three of the sureties, namely Woodbury Marson, Daniel H. Moody and Melvin D. Sawyer, were dead at the date of the writ.   The plaintiffs admit failure to prove demand upon the executrices of Marson and Moody, in manner provided by law. They also admit failure to properly present their claim in writing to the administratrix of the estate of Melvin D. Sawyer.   Hence judgment is to be rendered in favor of these executrices and this administratrix in any event.   As against the other sureties, William E. Sawyer, Hiram T. Thurston, Keyes H. Richards, John A. Maddocks and C. J. Marr, the plaintiffs claim judgment for the full amount due because, as plaintiffs claim, these defendants are joint obligors under the bond which contains the words "we bind ourselves, our heirs, executors and administrators."

Those against whom judgment is thus claimed present a legal defense and a defense upon the facts.

The legal defense is argued by counsel under two heads:   (1) that the plaintiff's declaration is not sustained by the bond introduced, because the declaration sets out a bond in which the defendants are principals and not sureties, or, in other words, that the plaintiff's writ declares the defendants to be original and not collateral promisors (2) that there is no liability upon the bond because it does not bear the signature of the principal.

The law regarding the first point raised by the defendants seems to be well settled.   In suing upon a bond at common law there are two courses open to the plaintiff.   The declaration may be framed for the penalty only without mentioning the condition or assigning any breach of it; or the condition may be set out and breaches of it assigned in the declaration.   *Heards Civil Precedents*, page 162, and cases there cited; *Chitty on Pleadings*, Sixteenth American Edition, Vol. II, page 89, and cases there cited.   Our own Court, in the somewhat recent case of *Inhabitants of York* v. *Stewart*, 103 Maine, 474, 'where the declaration was like the one at bar, says "this form of pleading is now too well established to admit of discussion."   Mr. Justice Virgin, in *Colton* v. *Stanwood*, 68 Maine, 482, an action on a poor debtor's bond, says "All authorities concur in holding that, in

debt on bond, it is not necessary for the plaintiff, in his declaration, to count upon any other than the penal part of the instrument, leaving the condition to be pleaded by the defendant, if it affords him any defense.   For the penal part of the instrument alone constitutes, prima facie, a right of action, the breach being the non-payment of the money."

As to the law regarding the second point raised by the defendant, we regard it settled in this State, however tenaciously some other jurisdictions may differ from us.

In *Deering* v. *Moore*, 86 Maine, 181, the defendant, a collector of taxes, failed to sign the bond which he gave to the plaintiff city and this Court declared that such failure did not render the bond void. The Court there declared that the principle upon which its decision was founded was that the bond was conditioned that the principal should faithfully perform official duty, and this he was bound by law to do just as effectually as if he had covenanted to do it by signing the bond.   "The engagement of the surety, therefore, rested upon the legal obligation of the principal already incurred" said the Court in that case.   This principle and reasoning, we submit, is equally applicable to the case at bar where the principal was also a public officer, a town treasurer.

We conclude that the legal defenses presented by the defendants cannot prevail.

As to the defense upon the facts we do not think it profitable to discuss the great mass of figures which were presented showing the financial doings of the principal during the time of his treasurership in which it is claimed the shortage occurred.   An auditor's report was presented which was corroborated by the findings of an expert accountant.   We have examined the same as well as the testimony presented by the defendants in opposition and feel that that burden of proof laid upon the plaintiffs has been fully sustained.   The entry must be,

> *Judgment for defendants Clara A. Marson,*
> *Hattie B. Moody and Evelyn Sawyer.*
>
> *Judgment for plaintiffs against the other*
> *defendants in the sum of $612.09 with*
> *interest from the date of the writ.*