(No. 21230.—

W. C. WRIGHT, Defendant in Error, *vs.* ASBURY M. LORING, Plaintiff in Error.

*Opinion filed February 23, 1933—Rehearing denied April 5, 1933.*

ACTON, ACTON & BALDWIN, REARICK & MEEKS, and JONES, McINTIRE & JONES, for plaintiff in error.

WALTER V. DYSERT, LOUIS J. BREMER, HALL & HOLADAY, and HUTTON & CLARK, (H. ERNEST HUTTON, and ARTHUR R. HALL, of counsel,) for defendant in error.

Per CURIAM: This court granted *certiorari* to review a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Vermilion county for $5000 against plaintiff in error, Asbury M. Loring, in an action of debt upon a penal bond. The suit was brought by the trustees of schools of a township in Vermilion county and defendant in error, W. C. Wright, as township treasurer, against the State Bank of Illiana, a corporation, and Asbury M. Loring and D. L. Andrews, as defendants. By amendments, changes and dismissals,

Wright, as treasurer, became the sole plaintiff against Loring as the sole defendant.

The Illiana State Bank was located on the Illinois side of the State line between Illinois and Indiana, in an unincorporated community on the State line. Loring, Bell and Andrews, the three sureties on the bond in question, were stockholders and directors of the bank, Loring also being its president and Bell its cashier. Wright became school treasurer in 1925 and made his first deposit as treasurer in the Illiana State Bank in May, 1928, and his last in May, 1930. The bank ceased doing business in June, 1930. Prior to that time two withdrawals from the fund created by these deposits had been made by Wright by means of checks, leaving a balance on deposit in the fund at the time of the bank's failure of $10,000. In August, 1928, the following bond was given to Wright:

*Bond of Depository Bank.*

"Whereas, W. C. Wright, of Bismarck, Illinois, has been duly elected by the trustees of schools of township No. 21, north, range No. 11 west of the second principal meridian, in Vermilion county, Illinois, as the township treasurer of said township, and has duly executed a good and sufficient bond payable to said trustees of schools and conditioned on the faithful discharge of his duties; and

"Whereas, said township treasurer desires to deposit in certain State banks all moneys of which he is to have the custody and from which he is required to pay all lawful orders issued by the school directors or the board of education of any school district in his township; and

"Whereas, since said treasurer is required by law to give bond to secure the payment of all such lawful orders whenever sufficient moneys shall have come into his hands for such purpose, he feels that it is right and proper that, as part of the consideration for depositing township funds in said banks, the directors of each such depository bank should execute and deliver to him, as such township treasurer, a good and sufficient bond to secure the prompt payment, upon presentation of all lawful orders, of all moneys that he may have deposited in their bank; therefore

"*Know all men by these presents,* That we, the State Bank of Illiana, an Illinois corporation, as principal, and A. M. Loring and D. L. Andrews, directors of said corporation, acting in their individual capacity, as sureties, are held and firmly bound unto W. C.

Wright, as township treasurer of township No. 21 north, range No. 11 west of the second principal meridian, and unto his successors in office, in the penal sum of $5000 dollars, good and lawful money of the United States, to be paid to the said W. C. Wright, township treasurer aforesaid, or to his successors in office, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, representatives and assigns, jointly and severally, firmly by these presents.

"Dated this 2nd day of August, A. D. 1928.

"Now, therefore, the condition of this obligation is such that if the above bounden State Bank of Illiana, or the above bounden sureties, or either of them, their heirs, executors, administrators, representatives or assigns, shall well and truly pay or cause to be paid, without delay, any and all lawful school orders which may be drawn against the funds on deposit in said bank, then the above obligation to be void, otherwise to remain in full force and virtue.

"Signed, sealed and delivered by:

ILLIANA STATE BANK,
Fred R. Bell, *Cashier.*
A. M. LORING,   (Seal)
D. L. ANDREWS. (Seal)"

"STATE OF INDIANA, ⎱
  *Warren County.*  ⎰ *ss.*

"I, Fred R. Bell, notary public in and for the county and State aforesaid, hereby certify that A. M. Loring and D. L. Andrews, who are each personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes as herein set forth.

"Given under my hand and notarial seal this 2nd day of August, A. D. 1928.

(Seal)            FRED R. BELL, *Notary Public.*

"My commission expires November 16, 1930."

The principal issue here is whether there has been a breach of the condition of the bond which provides that the bank or sureties, or either of them, etc., shall well and truly "pay or cause to be paid, without delay, any and all lawful school orders which may be drawn against the funds on deposit in said bank." This is an action at law, and we are familiar with the general rule that sureties may rely upon a strict performance of the contract between

their principal and the creditor and that the liability of a surety cannot be extended by mere implication nor imposed beyond the express terms of his contract. (*Gilbert v. Estate of Yunk,* 214 Ill. 237; *City of Sterling v. Wolf,* 163 id. 467.) However, bonds are construed as other contracts, and, while adhering to the general rule above indicated, this court has also frequently held that a surety who has incurred an obligation should not be allowed to escape liability upon a mere technical defect which does not go to the substance of his undertaking. (*Trustees of Schools v. Sheik,* 119 Ill. 579; *Westfall v. Albert,* 212 id. 68.) There is no evidence in the record that any school order, check, draft or other written demand was presented to the bank by Wright and refused payment. This was also the finding of the Appellate Court. The question therefore arises whether "lawful school orders," as such, must have been presented to the bank and payment refused before there could have been a breach of the bond.

The first paragraph of the bond sets forth that the trustees of schools had elected Wright township treasurer and that he had given his bond to such trustees. The second paragraph recites Wright's desire to deposit in certain State banks all moneys placed in his custody, "from which [funds] he is required to pay all lawful orders issued by the school directors or the board of education of any school district in his township." In the third paragraph the bond recites that since the treasurer is required by law to give bond to secure payment of "all such lawful orders, whenever sufficient moneys shall have come into his hands for such purpose, he feels that it is right and proper that, as part of the consideration for depositing township funds in said banks, the directors of each such depository bank should execute and deliver to him, as such township treasurer, a good and sufficient bond to secure the prompt payment, upon presentation of all lawful orders, of all moneys that he may have deposited in their bank." The last and

most important paragraph of the bond, containing the conditions of liability, requires the payment, "without delay," of "any and all lawful school orders which may be drawn against the funds on deposit in said bank."

It is to be noted that in the preliminary clauses, as well as in the condition of the bond, there is no specific requirement that any "lawful school orders" shall be presented to the bank. As properly held by the Appellate Court, the provision that "lawful school orders" shall be presented does not require any order in any certain form to be presented to the bank, but, on the other hand, such orders may be presented to the treasurer, drawn against the funds in the treasurer's hands which are "on deposit in said bank," in which case the makers of the bond are bound to pay such orders. There may be different kinds of "lawful school orders." The township treasurer is required by statute to loan the funds in his custody, and no special form of order is provided by statute for him to use in making such loans. Other school orders are made lawful by statute where no particular form is provided. It may therefore be said that in the present case Wright was not required to present any particular form of school order or demand in order to draw out the funds on deposit. A check is a brief draft or order upon a bank, requiring it to pay a certain sum of money. (*Industrial Bank* v. *Bowes,* 165 Ill. 70; *Martin* v. *Martin,* 202 id. 382.) This was the construction placed upon the obligation by the bank and its officers when on two occasions the bank honored Wright's checks as school treasurer. Where parties have adopted a particular construction of doubtful terms or conditions of a contract this court will follow the construction such parties have themselves placed upon it. *McLean County Coal Co.* v. *City of Bloomington,* 234 Ill. 90.

The evidence shows that the bank closed before Wright presented to it a check or other written demand for the school funds on deposit, amounting to double the amount

of the bond. The closing of the bank because of insolvency amounted to a refusal to pay the depositors. (*Queenan* v. *Palmer*, 117 Ill. 619.) Where the depositary has thus put it out of its power to fulfill the conditions of the bond no further demand is necessary before bringing action thereon, and in any event a demand on the receiver, as was made here, is sufficient. *Scott* v. *Armstrong*, 146 U. S. 499; *Buck* v. *Eaman*, 18 Ill. 529; 18 Corpus Juris, 595.

Other objections are raised by Loring as to certain variances and irregularities in the bond. In its fourth and fifth paragraphs the name of the bank is stated "State Bank of Illiana," while the bond is signed "Illiana State Bank." But even if the principal had not signed the bond and it had only been signed by the sureties it would still have been capable of enforcement. (*Trustees of Schools* v. *Sheik, supra.*) It is not shown that Loring, who executed the bond, has been injured by any of the irregularities mentioned. By its own act the principal obligor, together with the surety, Loring, who was a director and the president of the bank, closed its doors and made performance of the conditions of the bond impossible. Loring was pecuniarily interested in obtaining the deposits of the school funds secured by the bond. As we have shown above, the closing of the bank amounted to a breach of the bond and waived the necessity of any further demand upon the principal. Thereafter no school order or other demand could be presented except to the receiver, and this was done.

The judgment of the Appellate Court for the Third District was correct and is affirmed.

*Judgment affirmed.*