TOWNSHIP OF BERLIN *v.* NEIDERMEIER.

1. Principal and Surety—Failure of Principal to Sign Bond.
   Surety on an official bond is not bound if the principal has not signed it where failure of the latter to sign it affects the surety injuriously.

2. Same—Township Treasurer—Signature on Bond.
   Failure of township treasurer to sign his bond *held,* to affect gratuitous sureties thereon injuriously since, unless the obligee thereunder chooses to join both principal and sureties in a single action and recover joint judgment, enforcement of the bond against the sureties would require them to prove again the treasurer's liability in order to recover from him (3 Comp. Laws 1929, § 14503).

3. Townships—Treasurer—Bonds—Oath of Office—Signatures.
   Official bond and oath of office of township treasurer, being entirely different and distinct instruments and subject to different treatment by other township officers cannot legally be joined together, hence, although contained on the same paper, signature of oath of office by the treasurer is not a signature to the bond (1 Comp. Laws 1929, §§ 985, 1017).

4. Principal and Surety—Gratuitous Sureties—Township Treasurer's Bond.
   Gratuitous sureties on joint bond of themselves and township treasurer, not signed by latter, *held,* not liable for shortages during his term of office since his failure to sign the bond injuriously affects the sureties.

Appeal from Monroe; Golden (Clayton C.), J. Submitted June 16, 1937. (Docket No. 127, Calendar No. 39,598.) Decided October 4, 1937.

Action by Township of Berlin, Monroe County, Michigan, a municipal corporation, against Bernard

J. Neidermeier, C. E. Reaume, Ida E. Neidermeier, L. Edmond Roelant, Leo J. Martin, Henry C. Roelant and Joseph C. Roelant on a township treasurer's official bond. Judgment for plaintiff. Defendants Henry C. and Joseph C. Roelant appeal. Reversed as to appellants without new trial.

*Golden & Fallon,* for appellants.

*Raymond W. Starr,* Attorney General, and *Francis T. Ready,* Prosecuting Attorney, for appellee.

FEAD, C. J. Defendant Bernard J. Neidermeier was township treasurer of Berlin township in Monroe county. The other defendants were sureties on his three official bonds. Plaintiff had judgments against all for the amount of Neidermeier's shortages in office. Only one bond is here involved, given in April, 1931, when Neidermeier took office and on which defendant Reaume and appellants Henry C. and Joseph C. Roelant were sureties. The Roelants were gratuitous sureties.

The bond was signed by the sureties but not by Neidermeier. No claim is made and no evidence was presented of waiver of the principal's signature or estoppel of appellants in connection with the bond. It was a joint obligation, like that in *Johnston* v. *Kimball Township,* 39 Mich. 187 (33 Am. Rep. 372), which is squarely in point and defeats the bond. In that case the court held that the statute contemplates that the bond be signed by the treasurer, it is presumptively inchoate and imperfect until signed by him, and the party claiming liability of the sureties has the burden of proof that the sureties waived the principal's signature and intended to be bound on the bond without requiring his signature, before they can be held responsible,

The case was cited with approval or recognition in *Hall* v. *Parker,* 39 Mich. 287; *People, for the use of National Sewer Pipe Co.,* v. *Sharp,* 133 Mich. 378, and *People, for the use of J. E. Bartlett Co.,* v. *Carroll,* 151 Mich. 233.

Plaintiff urges that the *Johnston Case* should be overruled, in furtherance of the rule stated in 50 C. J. p. 31:

"Thus a principal's failure to sign the bond does not affect the surety's liability thereon where the principal is liable independently of the bond."

This is a rule of general suretyship, subject to modification and conflict of authority. As to public officers' bonds, the courts are in sharp dispute. 46 C. J. p. 1064; 22 R. C. L. p. 499. Many of the cases are distinguishable but the conflict is illustrated by the following: *Martin* v. *Hornsby,* 55 Minn. 187 (56 N. W. 751, 43 Am. St. Rep. 487); *People* v. *Hartley,* 21 Cal. 585 (82 Am. Dec. 758); *Bunn* v. *Jetmore,* 70 Mo. 228 (35 Am. Rep. 425); *Inhabitants of Boothbay Harbor* v. *Marson,* 112 Me. 505 (92 Atl. 623); *Trustee of Schools* v. *Sheik,* 119 Ill. 579 (8 N. E. 189, 59 Am. Rep. 830); *Empire State Surety Co.* v. *Carroll County* (C. C. A.), 194 Fed. 593.

We see no occasion to overrule the *Johnston Case.* It is a general principle, as stated in 50 C. J. p. 30, that:

"Accordingly, where the nature of the bond or obligation is such that the failure of the principal to sign the instrument affects the surety injuriously, the better rule is that the surety is not bound."

In the *Johnston Case* the court said:

"It was claimed on the argument that the sureties would have a right of contribution against the treasurer at any rate, whether he did or did not sign the

bond with them. This may be true, but if he had signed the bond he would not only be estopped by the judgment from contesting his liability, but the sureties could require recourse to his property to satisfy the execution before seizure of theirs. These are not barren advantages.''

Under 3 Comp. Laws 1929, § 14503, on joint judgment against the officer and his sureties, the execution must be indorsed with a direction that it be levied against the property of the officer and if sufficient property of the officer cannot be found to satisfy it, then to levy the deficiency on the property of the sureties. Moreover, if a joint bond, not signed by the principal, may be enforced against the sureties, they would be put to the disadvantage of being required to prove again the liability in order to recover from the officer unless the obligee, at its option, should join both principal and sureties in a single action and recover joint judgment. The failure of the officer to sign the bond affects the sureties injuriously.

Upon the same paper containing the bond was a form of oath of office, which Neidermeier signed. Plaintiff contends his signature to the oath of office constituted a signing of the bond in conformity with the rule in 6 R. C. L. p. 641, that if the name is written anywhere in the agreement for the purpose of giving authenticity to it, it is taken as a signature to it. *McLeod* v. *State,* 69 Miss. 221 (13 South. 268). The fault with this contention is that the bond and oath of office are entirely different and distinct instruments and they cannot legally be joined together. Under 1 Comp. Laws 1929, § 985, the oath of office must be filed with and recorded by the township clerk. Under 1 Comp. Laws 1929, § 1017, the township treasurer's bond is to be filed with the township clerk, recorded by him, and then delivered

to the supervisor, who shall file it in his office. Signing one is not a signature to the other.

Judgment upon the bond above mentioned is reversed as to appellants Henry C. and Joseph C. Roelant without new trial, and with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.