By the Court :
The charge to the jury in this case was grounded upon the authority of Pawling and others v. United States, 4 Cranch, 219. That was the case of an official bond delivered by one of the obligors, a surety, to his co-obligor, upon the condition, expressed only in parol, that it must be executed by certain other individuals named in the body of the bond as obligors before it should become obligatory, and it was never executed by some of these-parties. Upon reconsidering the case before us, the court are satisfied that the decision relied upon does not sustain the charge-given.
*In that case the bond was not complete when signed by a part of the obligors; on its face it contained evidence that it was to be signed by others who had not signed it. Besides, it was not a bond direct for the payment of the money, but for the perform - adce of a collateral condition. The ease turns now upon the-question whether notes under seal, made for the payment of money-in Ohio, are to be assimilated to commercial paper or to common law bonds. If the former, then it is well settled that he who reposes the first confidence must bear the ultimate loss. And we believe it ought to be so. When notes under seal for the payment of money at a day yet to come, complete upon their face, are negotiated in good faith, they should be treated as commercial or business paper, and all the incidents of such paper should attach to them. The statutes of the state give, them a negotiable-character, and we but- follow their indication in so regarding, such notes. There was error in the charge, and a new trial is.awarded.