QUIRIN HESSELL AND CHARLES MAYOTTE v. JACOB JOHNSON, COVELL C. ROYCE, AND CHARLES E. BURNS.

*Principal and surety—Substitution of name in bond—Liability of surety—Estoppel.*

1. Defendant Royce signed a bond for the release of attached property as surety for his co-defendant Johnson, on *condition* that one Stack, whose name was written in the condition of the bond, though not in the beginning, should execute it as *co-surety.* The bond was delivered to Johnson, who brought it to plaintiffs' attorney and the sheriff in that condition. Stack refused to sign it, and his name was erased, and that of defendant Burns inserted, who executed it, and the property was released. Royce did not consent to such substitution, although informed of it the same day.

   *Held*, that if the bond was accepted with notice that Royce had never authorized it, and the property discharged with that notice, Royce was not in fault for not giving *further* notice, for as to *him* there had never been any delivery of the bond.

   *Held*, further, that the fact that Stack's name was in the bond was notice enough to at least put the parties on *inquiry*, and by erasing that name they changed the obligation which Royce had signed, and it ceased to be his bond at all.

2. A surety may make any conditions he chooses in signing a bond, *before* delivery, and where it is not signed by a party whose signature was required as a *condition* of the signing by the surety he is not bound.

   So *held*, where the name of the principal was written in a bond for costs, but he failed to sign it. *Hall v. Parker*, 37 Mich. 590; *Johnston v. Kimball Township*, 39 Id. 187.

3. A bond required to be filed in a public office, which has been signed in *blank* by a surety, and intrusted to another person to *fill out*, binds the surety; and the occupant of the office, who had no interest in the matter, and was expected to be found in his office, was not bound to leave it and make personal inquiries. *McCormick v. Bay City*, 23 Mich. 457; *Brown v. Probate Judge*, 42 Id. 501.

Error to Delta. (Grant, J.) Argued November 4, 1886. Decided November 11, 1886.

Debt.  Defendants bring error.  Reversed.  The facts are stated in the opinion.

*F. D. Mead* (*F. O. Clark,* of counsel), for appellants.

*A. R. Northrup* (*Ball & Hanscom,* of counsel), for plaintiffs.

CAMPBELL, C. J.  Defendants were sued jointly upon an attachment bond given for the release of attached property belonging to defendant Johnson, who signed the bond as principal, the others being charged as sureties.

It appeared on the trial that Royce signed the bond on the express understanding, which, in our opinion, was equivalent to a condition, that it should be signed also by one John K. Stack as co-surety, and that he had reason to believe this would be done.  This condition was made to Johnson, the principal, and, as he claimed and swore, was made known to plaintiffs' attorney before any other surety signed.  It appears, without contradiction, that the bond was brought to the sheriff and to the plaintiffs' attorney while Royce was the only surety on it, and that the subsequent procurement of Burns was had without any conference with Royce.  Stack refused to sign it at all when asked.  There was also testimony that the name of Stack was written as a co-obligor in the condition of the bond, though not in the beginning, when Royce signed, and was erased, and the name of Burns put in its stead.

Immediately on the receipt of the completed bond, the property was released.  Some time thereafter, but on the same day, there was testimony tending to show that Royce heard of the facts.  There was no testimony that he consented to the substitution.

The court below charged the jury that Royce made Johnson his agent to see that the bond was executed, and was bound at once to notify the plaintiffs when he learned that

his authority had been abused, and that he was estopped from complaining, and that judgment should be rendered against him. .

This ruling entirely ignored the fact that there was testimony tending to show express knowledge of Royce's understanding that Stack was to sign. If the bond was accepted with notice that Royce had never authorized it, and the property discharged with that notice, it is impossible to hold that Royce was in fault for not giving further notice. As to him, there had never been any delivery of the bond at all. A delivery to an associate, to have a writing completed, is in no sense a delivery. Parties act at their peril who act under notice, and we know of no rule of law requiring a second notice.

If Northrup, the attorney, and Oliver, the sheriff, had no actual notice, the question further comes up concerning implied notice, for if they had either the defense is complete.

It was held in *Hall v. Parker*, 37 Mich. 590, that a surety may make any conditions he chooses to make in signing a bond, before it is delivered, and that where it is not signed by a party whose signature was required as a condition of his signing he would not be bound.[1] In that case the bond was for use in a legal proceeding, and was analogous to the present one. The name of the principal was written in the bond, but he did not sign it, and the surety was held discharged, as he never consented to its being delivered without the principal's signature, and that the form of the bond notified every one of its condition. The same doctrine was held in *Johnston v. Kimball Township*, 39 Mich. 187. In *Brown v. Probate Judge*, 42 Mich. 501, as in *McCormick v. Bay City*, 23 Id. 457, it was held that a bond required to be filed in a public office, which had been signed in blank by a

---

[1] See *Brand v. Johnrowe*, 60 Mich. 210.

surety, and intrusted to another person to be filled out, bound the surety, and that the occupant of such an office, who had no interest in the matter, and was expected to be found in his office, was not bound to leave the office and make personal inquiries.

But, under the decisions before cited, the fact that Stack's name was in the bond was notice enough to at least put the parties on inquiry. By erasing that name they changed the obligation which Royce had signed. It ceased to be his bond at all. If done without his consent, after delivery, it would have been such a material alteration as, if fraudulent, would have made it a forgery.

We think the rulings were erroneous. There was nothing in the case tending to show an estoppel, and, had there been, it must have been left to the jury.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.