PEOPLE, *for Use of* NATIONAL SEWER-PIPE CO., *v.* SHARP.

1. PRINCIPAL AND SURETY—FAILURE TO SECURE ADDITIONAL SURETY.

   One who signs a bond as surety upon the understanding that it shall also be signed by another, whose name appears in the body thereof, as a co-surety, is not liable where the bond is delivered without the latter's signature, and with a line drawn through his name therein.

2. SAME—AMENDMENT OF PLEA.

   It was not error to permit a surety on a bond, on the trial of an action thereon, to amend his plea by setting up that he signed the bond on condition that another should also sign it, which condition was not complied with; plaintiff having been given the option of a continuance, and having elected to proceed to trial.

3. SAME—EVIDENCE—HARMLESS ERROR.

Where a surety on a bond defends on the ground that he signed on condition that another surety be obtained, which was not done, the restriction of his cross-examination by excluding evidence of his statements that he understood that one who did sign with him was a principal is not ground for reversal.

4. SAME.

In an action on a bond, the testimony of the sureties as to conversations with the principal at the time they signed it, to the effect that it should not be used unless also signed by a third person, is admissible, under proper pleadings, in view of the notice conveyed to the obligee by the presence of such third person's name in the body of the bond, both as part of the *res gestœ*, and as defining the obligation which the sureties were willing to undertake.

Error to St. Clair; Whipple, J. Submitted May 14, 1903. (Docket No. 70.) Decided May 29, 1903.

*Assumpsit* by the People of the State of Michigan, for the use and benefit of the National Sewer-Pipe Company, against Andrew Sharp and August Schultz, copartners as Sharp & Schultz, as principals, and Henry McMorran and Rudolph C. Wargowsky, as sureties, upon a statutory bond. From a judgment for defendant sureties, plaintiff brings error. Affirmed.

*James A. Muir*, for appellant.

*George G. Moore*, for appellee McMorran.

*Avery Bros. & Walsh*, for appellee Wargowsky.

MONTGOMERY, J. This is an action on a bond given for the protection of laborers and materialmen who should extend credit to Sharp & Schultz, contractors with the city of Ann Arbor for the construction of a sewer. The bond is in the sum of $5,000, and purports to have been executed by Sharp & Schultz as principals, and the defendants McMorran and Wargowsky as sureties. The plea of defendant McMorran was accompanied by a notice containing the following:

"Defendant will further show that prior to the date of said bond, and about that date, he was requested by Rudolph C. Wargowsky to sign a bond in which the said Wargowsky and Andrew Sharp and August Schultz were principals, and this defendant and Lewis Kurtz should be sureties, and was assured that said Kurtz would be a party thereto, and his name was written in the body thereof, and 'this defendant never executed, any other bond than one jointly with the said Kurtz as sureties and with the principals as aforesaid, unless he was deceived and defrauded in the execution thereof; that, after the execution by this defendant, the form of said bond was changed, and the name of said Kurtz omitted therefrom, whereby the same became void and of no binding force and effect."

This was followed by an affidavit denying the execution of the bond for the reasons stated in the notice.

When the case was called for trial, defendant Wargowsky was permitted to amend his plea by adding the following:

. "Defendant will further show that, prior to the time of the signing of the bond which was signed by him, a bond was presented to him by Sharp & Schultz, the defendants above named, in which their names appeared as principals, and the names of Henry McMorran, this defendant, and Lewis Kurtz appeared as sureties, and said Sharp & Schultz represented to this defendant that one Lewis Kurtz signed said bond in addition to the said Sharp & Schultz, Henry McMorran, and this defendant, as a surety, and that this defendant would not be liable on said bond, and said bond would not be delivered and used, unless said Kurtz executed and signed the same, and relying upon these 'representations, and with the express agreement, understanding, and condition that the said Kurtz would sign said bond, and that said bond would not be delivered until said Kurtz had signed the same, said defendant Wargowsky signed the bond that he did sign, but that said bond contained the name of said Lewis Kurtz in the body thereof at the time he so signed the same; that, after the execution by this defendant of said bond mentioned, the same was altered and changed by the erasure of the name of the said Lewis Kurtz therefrom, whereby the same became void,"

—And to attach an affidavit denying the execution of the bond set forth in plaintiff's declaration.

On the trial the issue presented to the jury as to each surety defendant was whether, at the time such surety signed the bond, the name of Lewis Kurtz appeared in the body of the bond, and whether it was so signed with the understanding that Kurtz was to also sign before delivery. The court instructed the jury that if the fact was so, and if the name of Kurtz was afterwards erased, and the bond delivered to the city authorities without his signature, the defendant sureties were not bound. This ruling was fully justified by the previous decisions of this court. *Johnston* v. *Township of Kimball,* 39 Mich. 187 (33 Am. Rep. 372); *Hessell* v. *Johnson,* 63 Mich. 623 (30 N. W. 209, 6 Am. St. Rep. 334). There was no error, therefore, unless it occurred in the proceedings on the trial, or in the refusal to grant a new trial.

It is contended that it was error to permit an amendment to the plea at the trial. When the amendment was allowed, the plaintiff was given the option of proceeding to trial or having a continuance, and elected to proceed to trial. The question of amendment was addressed to the sound legal discretion of the trial judge, and this discretion was not abused. *Wolscheid* v. *Thome,* 76 Mich. 265, 269 (43 N. W. 12); *Lester* v. *Thompson,* 91 Mich. 245 (51 N. W. 893).

It is contended that there was no evidence to substantiate McMorran's plea. This is mere assertion. We do not so read the record.

It is claimed that error was committed in restricting the cross-examination of McMorran by excluding testimony of his statements that he understood that Wargowsky was interested in the contract. While it is not clear that this might not properly have been admitted, it does not follow that its exclusion was damaging error. The name of Wargowsky appeared in the body of the bond as a surety, and, as the issue was defined for trial, it was narrowed to the question whether the name of Kurtz appeared in the

bond when signed by the two defendant sureties, or whether it was written in and erased after they had signed. We are unable to see how the excluded testimony would have led to a different conclusion as to this question.

It is also contended that it was incompetent for the sureties to testify as to the conversations at the time the bond was signed, to the effect that the bond was not to be used unless Kurtz signed it. It is correct to say that such a statement by the principal would not have constituted a defense unless known to the public authorities whose duty it was to accept the bond, if Kurtz's name had not appeared in the body of the bond; but, when supplemented as it was by constructive notice to the city council by the insertion of the name of Kurtz as co-surety, it was competent, not only as a part of the *res gestæ*, but as defining the obligation which by the delivery of the incomplete instrument the sureties were willing to undertake. *Hessell* v. *Johnson, supra.*

The other questions raised do not call for extended discussion. We are convinced that no error was committed in refusing to grant a new trial, and that no prejudicial error appears in the record.

The judgment is affirmed.

The other Justices concurred.