[No. 1069, February 27, 1907.]

ALEXANDER M. HENDRY, Plaintiff in Error, v. H. B. CARTWRIGHT, Defendant in Error.

SYLLABUS (BY THE COURT).

1. A bond required by an order of court to avoid an injunction which is perfect and complete upon its face and is executed and duly acknowledged by the sureties whose names appear in the body thereof and is thereupon delivered by one of such sureties to the Clerk of the Court and is duly approved and filed by the latter is binding upon all of such sureties, notwithstanding the fact that one of such sureties may without the knowledge of the obligee or the Clerk have executed and delivered said bond to such co-surety upon the express condition that such bond was not to be used until an indemnity bond had been furnished him.

2. Where such bond is not perfect upon its face, because not signed by all the sureties whose names appear therein or because of material noticeable alterations or erasures therein or because of a lack of some requirement which the law fixes as a pre-requisite to its receipt or filing by the clerk, a surety may defeat recovery thereon by showing the existence of a condition, imposed at the time of delivery by him to a co-surety, that he was to have an indemnity bond against his suretyship before the bond was used.

3. Rule Six adopted by this court for the regulation of practice in the District Courts which provides that all bonds approved by the Clerks of such courts shall be duly acknowledged in like manner as deeds of real estate before the same shall be received or filed, being within the powers conferred upon this court by C. L. 874, has the force and effect of statute.

4. The absence of such acknowledgment upon a bond so tendered so detracts from its facial regularity as to call for inquiry by the obligee as to whether it was signed upon condition and entitles a surety if sued thereon to prove an unfulfilled condition imposed by him that the bond was not to be used until he had been furnished a satisfactory indemnity bond.

Hendry v. Cartwright.

Error to District Court for Santa Fe County, before JOHN R. McFIE, Associate Justice. Affirmed.

N. B. LAUGHLIN and W. B. CHILDERS, for Plaintiff in Error.

(On motion to strike out motion for new trial and bill of exceptions.)

The court is always open except for jury trials. Compiled Laws, 1897, Sec. 2685, sub-secs. 103, 104, 132, 133.

Reasonable notice of the adjournment of a term of court must always be given. Grable v. State, 2 Green (Iowa) 559; Stovall v. Emerson, 20 Mo. Ap. 322; 1 Ency. Pl. and Pr. 243, 245; 21 Ency. Pl. and Pr. 601, 602, 631 and cases cited; dissenting opinion of Clifford in Ex. Parte Lange, 18 Wallace 192; Schofield v. Horse Springs Cattle Co., 65 Fed. 433; Coudert v. United States, 85 Fed. 844; Harrison v. German-American Fire Ins. Co., 90 Fed. 758; 1 Am. and Eng. Ency. of Law, pages 638 and 639 and notes; Cheney v. Smith, 23 Pac. 685; 1 Blackstone Com. 186; Lansford Borough, 141 Pa. St. 138; Mechanic's Bank v. Withers, 6 Wheaton 106; 2 Rose's Notes, page 53.

The entry "this court do now adjourn until court in course", is not adjournment sine die. Gonzales v. Cunningham, 164 U. S. 626; 21 Ency. Pl. and Pr. 599 and 600; Labadie v. Dean, 47 Tex. 90; The Canary 2, 22 Fed. 536; Commonwealth v. Sessions of Norfolk, 5 Mass. 434; Eastman v. City of Concord, 64 N. H. 203, 8 Atl. 822; Com. v. Justices, etc., 5 Mass. 435, 436; People v. Central Bank, 53 Barb. 412; Bronson v. Shulten, 104 U. S. 415; Brayman v. Whitcomb, 134 Mass. 525; Merchants Bank v. Cook, 4 Pick. 405, 411; 1 Cyc. of Law and Pro., pages 793, 794.

It is clear error to enter judgment instanter, the evening the case was tried, when notice of intention to move for a new trial was given. Compiled Laws 1897, section 2685, sub-secs. 132, 133.

EUGENE A. FISKE, for Defendant in Error.

(On motion to strike out motion for new trial and bill of exceptions.)

The proper place as well as the proper time are necessary to a valid judgment. There is no provision of law for holding the regular term of one county in another county. Black on Judgments, Vol. 1, Sec. 177; U. S. v. Pitman, 147 U. S. 671; Irwine v. Irwine, 37 Pac. 548, 551; Stovall v. Emerson, 20 Mo. App. 322; Redwine v. State, 15 Indiana 293; Seymour v. State, 15 Indiana 288.

In the absence of a motion for a new trial in the court below, filed as directed by sub-section 133 of the Code of New Mexico, the cause cannot be reviewed in this court. Schofield v. Slaughter, 9 N. M. 422, and authorities cited; D. & R. G. R. R. v. U. S., 9 N. M. 309, 311; Territory v. Chaves y Chaves, 9 N. M. 282; Padilla v. Territory, 8 N. M. 562; Rogers v. Richards, 8 N. M. 653, 658; Western H. & I. Co. v. First Natl. Bk., 9 N. M. 1; U. S. v. Lesner, 9 N. M. 271; Territory v. Archibeque, 9 N. M. 403; Territory v. Christian, 9 N. M. 582; Cole Co. v. Dallmeyer, 13 S. W. 687, 688; Code N. M., Secs. 103, 104; Compiled Laws of 1897, sec. 2775; U. S. v. Gwyn, 4 N. M. 635, 643; Gordon v. Randle, 179 U. S. 417.

This court will not review errors to which objections and exceptions were not duly preserved at the trial. Cunningham v. Springer, 82 Pac. 232, 237; Brown v. Lockhart, 71 Pac. 1086-7; Code, Sec. 119.

N. B. LAUGHLIN and W. B. CHILDERS, for Plaintiff in Error.

The same questions arise both on the trial of the case as well as upon the demurrer. The demurrer, however, is not abandoned by pleading over to the answer. Teal v. Walker, 111 U. S. 246; Bauserman v. Blunt, 147 U. S. 647; Schofield v. The Territory, 9 N. M. 532-3; Caldwell v. Ruddy, 2 Idaho, 5, 1 Pac. 339; Dunham v. Courtnay, 24 Neb. 623, 39 N. W. 784.

The only fraud permissible to be proven at law in actions on bonds is fraud touching the execution of the instrument. George v. Tate, 102 U. S. 564-570; Hartshorn v. Day, 19 How. 211; Osterhout v. Shoemaker, 3 Hill (N. Y.) 513; Belden v. Davies, 2 Hall (N. Y.) 433; Franchot v. Leach, 5 Cow. (N. Y.) 506; Irving v. Hum-

Hendry v. Cartwright.

phrey, 1 Hopk. (N. Y.) 284; Wallace v. Wilder, 13 Fed. Rep. 715; Dair v. U. S., 16 Wall. 1; Chandler v. Thompson, 30 Fed. 43; Shampeau v. Connecticut River Lumber Co., 42 Fed. 760; Vandervelden v. Chicago & N. W. Ry. Co., 61 Fed. 54; Kosztelnik v. Bethlehem Iron Co., 97 Fed. 807; Veach v. Rice, 131 U. S. 293.

Failure of the sureties to justify, or the failure of the clerk to have required acknowledgments, was not such a defect in the execution of a bond as imposed upon the plaintiff the duty of making any inquiry or taking any steps to strike out the bond from the files, or to have the court require a new bond, or as removes the usual estoppel on sureties where a bond has been accepted and acted upon, from setting up defenses in an action at law which do not go to the execution of the bond. State v. Barnes & Lewis, 73 N. C. 138, 21 Am. Rep. 461; Luce v. Foster, 40 Neb. 818; George v. Tate, 102 U. S. 579. Also reviews cases cited against contention.

Whenever one of two innocent persons must suffer by the acts of a third, he who enabled the third person to occasion the loss must sustain it. Bickbarrow v. Mason, 2 Durn. & E. 21; Dun v. Garrett, 93 Tenn. 650, 42 Am. St. Rep. 937; State v. Potter, 63 Mo. 212, 21 Am. St. Rep. 440; Hern v. Nichols, 1 Salk. 289; McCormick v. Bay City, 23 Mich. 457; Nash v. Fugate, 24 Gratt. 202, 18 Am. Rep. 640; Russell v. Freer, 56 N. Y. 67; Dair v. U. S., 16 Wall. 1; Joyce v. Auten, 179 U. S. 591, 595; Goodman v. Dimonds, 20 How. 343, 366; Merriam v. Rockwood, 47 N. H. 81; Selser v. Brock, 3 Ohio St. 302, 308; Passumpsic Bank v. Goss, 31 Vt. 315; State v. Potter, 63 Mo. 212, Baylies on Sureties and Guarantors 440; 2 Brandt on Suretyship and Guaranty, sec. 407; Wornell v. Williams, 19 Texas 180; Hart Dig. Art. 1181.

This was a valid bond although the sureties did not acknowledge it and did not justify. These requirements were for the benefit of the obligee and could be waived by it. Veach v. Rice, 131 U. S. 293-318; Luce v. Foster, 40 Nebr. 813; Cutter v. Roberts, 7 Nebraska 4; People v. Shirley, 18 Calif. 121; State v. McDonald, 40 Pacific 312 (Idaho); Taylor Co. v. King, 34 N. W. 774, 73 Iowa 153;

Vandune v. Cooke, 1 Hill (N. Y.) 557; Murdock v. Brooks, 38 Calif. 596; Dore v. Covey, 13 Calif. 502; People v. Carpenter, 7 Calif. 402; Ward v. Whitney, 3 Sandf. S. C. 399; Gibbons v. Berhard, 3 Bosw. 635; People v. Lanning, 73 Mich. 284, 41 N. W. 231; State v. Emily, 24 Iowa 24; Decker v. Anderson, 39 Barber 346; State v. Benton, 48 N. H. 551; Barton v. Donnelly, 27 N. Y. Sup. 525; 5 Cyc. Law and Procedure, 738 (e); State v. Wallis, 20 S. W. 810 (Ark.); 1 Cyc. Law and Procedure 514, note 94 and cases cited; Hepburn v. Dubois, 12 Peters 345; Wood v. Owings, 1 Cranch, 250; State v. Weeks, 36 Iowa 238; People v. Hammond, 64 Hun. 637, 7 N. Y. Sup. 219; 1 A. & E. Enc. of Law, 488, Note 4, and cases cited; Stramler v. Coe, 15 Texas 211; Shackamax Bank v. Yard, 143 Pa. State 134, 22 Atlantic; Hill v. Burke, 62 N. Y. 111; People v. Penniman, 37 Calif. 273; McAllister v. State, 4 S. W. Rep. 1019; Com. v. Ramsey, 63 Ky. 385: Thomas v. Hinkley, 19, Neb. 27 N. W. 231 · 8 Am. Digest, p. 51, Sec. 39, and cases cited: U. S. v. Hodson, 10 Wall. 395; U. S. v. Tingey, 5 Peters 115; Smith v. Allen, 1 N. J. Eq. 43, 21 Am. Dec. 33; Commonwealth v. Laub, 1 Watts & S. 261; Smith v. McFall, 18 Wendell 521.

A statutory bond not duly executed or not conditioned as required by statute, may be sustained as a common law bond. 8 Am. Digest, (Century Ed.) p. 54, sec. 40; Bunnerman v. Wagner, 16 Or. 433, 18 Pac. 841, and other cases cited in Digest, p. 55-b; Palmer v. Vance, 13 Calif. 557; Kelly v. McCormick, 28 N. Y. 320; U. S. v. Hodson, 10 Wall. 395; U. S. v. Tingey, 5 Peters 115; U. S. v. Linn, 15 Peters 290; Bank v. Smith, 5 Allen 415; U. S. v. Rogers, 28 Fed. 607; Rogers v. U. S. 32 Fed. 890; Cox v. Vogh, 33 Miss. 187; Baker v. Bostol, 7 Calif. 551; Boyer v. Sowles, 67 N. W. 530, 190 Mich. 481; Sprague v. Wells, 47 Minn. 504, 50 N. W. 535; State v. Pocc, 34 Mo. App. 458; Velder v. Simms, 11 Wis. 419; Lambert v. Haskell, 80 Cal. 687, 22 Pacific 327; Moffatt v. Greenwald, 27 Pac. 296, 20 Cal. 308; Murdock v. Brooks, 38 Cal. 600; State v. Rush, 77 Mo. 586.

A bond is a sealed instrument. A scroll to such an

instrument would be a seal. Excelsior Mfg. Co. v. Wheelock, 6 N. M. 410; Bouvier's Law Dictionary, "Bond"; Anderson's Dictionary, "Bond"; U. S. v. Linn, 15 Peters, 290-315; Luna v. Mohr, 3 N. M. 63; 5 Cyc. 737, 748, 749; Chapter 62, Acts of 1901, sections 11-13, 114; 3 Enc. of P. and P. 645 et seq.; Pleadings, 5 Cyc. 823, 834; Bliss on Code Pleading, sec. 215; Stephens on Pleading 423; Lambert v. Harskell, 80 Cal. 687, 22 Pac. 327; U. S. v. Hodson, 10 Wall. 395.

The absence of a seal against the signature of a surety on an official bond does not affect the liability of the sureties who sign the bond. Veach v. Ricc, 131 U. S. 293, 318; Putman, Judge, in 21 Pick. 417; 4 Thompson's Com. on Corp., Secs. 5069, 5070 and 5073; Jacksonville, etc. Railway Co. v. Hooper, 160 U. S. 514; District of Columbia v. Campden Iron Works, 181 U. S. 460; Clark & Marshal's Private Corp., Sec. 192, pp. 509-513; 25 A. & E. Ency. of Law, 75, 77; U. S. v. Linn, 1 How. 104; Bank of Cumberland v. Bugbee, 19 Maine 27, and other cases cited; 8 Am. Digest, Sec. 15, Col. 22.

There was nothing in the failure to have the sureties justify or acknowledge this bond to convey notice or put the clerk or plaintiff on inquiry as to the facts alleged as a defense. Hamlin v. Pettibone, Federal Cases, No. 5995; 37 Century Digest, Column 1468; Taylor v. King, 34 N. W. 774, 777, 73 Iowa 153; Baker v. Bliss, 39 N. Y. 70, and note in 2 Vol. Weed & Parson's Co. Edition; Williams v. Brown, 15 N. Y. 354; Maul v. Rider, 59 Pa. State 167; Bank v. Delano, 48 N. Y. 326; Wilson v. McCullough, 23 Pa. St., 62 Am. Dec. 351; Appeal of Leonard, 94 Pa. 168; Woolensack v. Reiher, 115 U. S. 99; Simmons Creek Coal Co. v. Doran, 142 U. S. 439; Angle v. Insurance Co., 92 U. S. 330-342.

The defendant entrusted the bond to the principal or one of his co-sureties to hold in the form in which it is executed; he is estopped from denying the authority of his agent to deliver it. White v. Duggan, 140 Mass. 18, 2 N. E. 110, 54 Am. Rep. 437; Crystal Lake Township v. Hale, 109 Mich., 67 N. W. 121; 40 American Digest, Principal and Surety, Sec. 93, column 1751.

EUGENE A. FISKE, for Defendant in Error.

Under our code, defense "legal and equitable or both" "in ordinary and concise language" may be set up. N. M. Code, Secs. 36, 40, 68, 85, 96.

"It is well settled that the only fraud permissible to be proved at law in these cases is fraud touching the execution of the instrument." George v. Tatt, 102 U. S. 564, 570 (B. 26, p. 233); Koztelnick v. Bethlehem Iron Co., 91 Fed. 607; 16 Cyc. 585, par. "B" and authorities; 16 Cyc. 586, par. "C"; 17 Cyc. 875-6, title "Execution".

An instrument deposited as escrow upon conditions to be performed, could not have been delivered without the performance of such conditions so as to make it the obligation of defendant in error. Ware v. Allen, 128 U. S. 590, 597; Duncan's Heirs v. U. S., 7 Peters 448; Smith v. Bank, 32 Vt. 341, 345; People v. Boswick, 33 N. Y. 448; Withsell v. Mebane, 64 N. C. 345, 348; Cutler v. Roberts, 7 Neb. 9; Hagler v. State, 31 Neb. 149; State v. McGonigle, 101 Mo., 363; Ney v. Orr, 2 Mont. 563; Gay v. Murphy, 134 Mo. 107; McFarland v. Howell, 16 Tex. Cir. App. 248; 2 A. & E. E. of L., p. 459 and notes; Schuylkill Co. v. Copley, 5 Am. Rep. 241 (67 Penn. St. 386); Paulin v. U. S., 4 Cranch 219; Session v. Jones, 6 Howard (Miss.) 123; Perry v. Patterson, 5 Hump. 133; Linn v. Ferris, 52 Mo. 75; 15 Cyc. 563-4, and authorities cited; Bank v Evens, 28 Am. Dec. 400, 403, 406, 7, citing Coke Litt. 36 a. and many other authorities; Co. of Calhoun v. Am. Emigrant Co., 93 U. S. 124 (Book 23, p. 828), 3 Otto; Land Co. v. Peck, 112 Ill. 408, 443, 447; 16 Cyc. 579, note 20 and authorities thereto cited; Carter v. Turner, 5 Sneed (Tenn.) 178; Hannell v. Thompson, 3 Colo. 5; Coe v. Turner, 5 Conn. 86; Burnap v. Tharpsteen, 149 Ill. 225; Mays v. Shulds, 45 S. E. 68; Daggett v. Daggett, 143 Mass. 516 (10 N. E. 313); Davis v. Kneals, 103 Mich, 323 (61 N. W. 508); Hoyt v. McIntyre, 50 Minn. 466 (52 N. W. 918); Matteson v. Smith, 61 Neb. 761 (86 N. W. 472); 16 Cyc. 580, par. 2, 564, and note 29; Joice v. Auten, 179 U. S. 591.

The instrument was so defective in form as to put

Hendry v. Cartwright.

plaintiff in error on inquiry. Wood v. Carpenter, 101 U. S. 141; Hessel v. Johnson, 30 N. W. 210; Mullen v. Morris, 62 N. W. 74, 77; Dair v. U. S. 16 Wall, 1, 4, 5, 6, (B. 21 pp. 492, 493); U. S. v. Linn, 15 Peters, 311; U. S. v. Linn, 1 How. 104, (B. 11, p. 64); Moses v. U. S., 166 U. S. 581-4; Luna v. Mohr, 3 N. M. 63-72; Ex. Manf. Co. v. Wheelock, 6 N. M. 410; Clinton v. People, 66 Ills. 503-4; West v. Eau Claire, 61 N. W. 313; A. & E. E. of Law, 1st ed. v. 2, p. 455; same 2nd ed., pp. 621, 624; Citizens' Build. Asso. v. Cumings, 16 (Ohio) N. E. 841-845; Moats v. Moats, 19 Atl. 965-966; Sutherland on Const. Stat. Sec. 80; Endlich on Stat., Sec. 273, Notes 51, 52; N. Y. & O. R. R. v. Vanhorn, 57 N. Y. 474, 477, 478; State v. Wallis, 20 S. W. 812; Sacramento Co. v. Rhodes, 31 Calif. 74; Com. v. Wister, 21 Atl. 872-3; Newcomb v. Wooster, 89 Mass. 198-9. See also authorities cited under following paragraph.

If the instrument sued on be defective as a bond it can not be, and in this case was not, sued on as a common law obligation. The pleadings must support the judgment. Luna v. Mohr, 3 N. M. 63, 72; 1 Black on Judgments, Sec. 183; U. S. v. Linn, 15 Peters, pp. 311-2; Carter v. Mulrein, 82 Calif. 167 (22 Pac. 1086); Meyer v. Black, 120 U. S. 211; Cole Co. v. Dallmeyer, 113 Mo. 57 (13 S. W. 687-8); Meyer v. Black, 120 U. S. 211; Sterns on Suretyship, p. 282; p. 3, note 4 and authorities there cited.

Without delivery, a written instrument, whether perfect or imperfect on its face and regardless of any private agreement relative thereto, creates no obligation. Attempted delivery in direct violation of law, is void as a delivery, and by relying upon such unlawful attempt to deliver, plaintiff in error becomes a party to such violation of law and no court will permit him to rely upon his own unlawful act in support of his claim against defendant. Gregg v. Wyman, 58 Mass. (4 Cush.) 326-7, 331; Rio Grande Irrigation Co. v. Gildersleeve, 174 U. S. 603, 608; Rogers v. Richards, 8 N. M. 665; 5 Cyc. 758 (e); 1 Cyc. 514 (b); Roads v. Symmes, 1 Ohio 281, 315, 318, 13 Am. Dec. 621 and note 627; Richardson v. Bates, 8 Ohio State, 257,

261, 269; Sloane v. McConahy, 4 Ohio, 169; Goodykootz v. Olsen, 54 Iowa, 174, 6 N. W. 263-4; Tilson v. Thompson, 10 Pick. (Mass.) 358, 363; Pendleton v. Button, 3 Conn. 406, 412; Hayden v. Westcott, 11 Conn. 729; Murphy v. McCleary, 3 Yeats (Pa.) 405-6; Storch v. Carr, 28 Pa. St. 135, 138; Cabel v. Grubbs, 48 Mo. 353, 356-7; Stanton v. Bulton, 2 Conn. 517; Tully v. Davis, 30 Ills. 103, 108; Ryan v. Carr, 46 Mo. 483.; Adams v. Buchanan, 49 Mo. 64, 70-1.

### STATEMENT OF FACTS

This is a civil action brought by Hendry originally against the Lincoln, Lucky & Lee Mining Company, a corporation, and against H. B. Cartwright and Bernard Seligman. The trial in which this appeal originated, however, concerned only the defendant Cartwright. The issues as made by the pleadings are given below.

On November 7, 1892, plaintiff Hendry and one Daniel Jones had litigation with the Lincoln, Lucky & Lee Mining Company in the District Court of Santa Fe County. By an order of Court made in the cause on November 3, 1892, that company in order to prevent an injunction against it was required to give a bond to plaintiff and his associates in interest for Twenty Five Thousand Dollars. On November 7, 1892, the company executed the bond with H. B. Cartwright and Bernard Seligman and one Al Townsend and one E. T. Webber as sureties. The plaintiff alleges a breach of the bond by the company and prays judgment. The defendant Cartwright answered setting up as a defense that while he signed the alleged bond, he handed it unsealed, unacknowledged and unjustified to by him to his co-surety Webber but upon the express agreement and condition that Webber should not use or deliver the paper to any person unless the company should first give Cartwright a satisfactory indemnity bond, upon the giving of which Cartwright was to seal, acknowledge and justify to the bond and deliver it. It is further alleged that Webber in violation of this agreement fraudulently delivered the paper to some person or persons unknown to the defendant. The answer accordingly pleads as a defense

that the document is not his writing obligatory because not sealed by him or delivered by him and because not acknowledged so as to admit it for filing by the Clerk of the Court and pleads the further defense that it contains other and material conditions and obligations not required by the order of court for its filing.

A demurrer to the answer being overruled, the plaintiff replied, denying the allegations of the answer, and alleging that if there was any such understanding between Cartwright and Webber it was a secret understanding and not known either to the plaintiff or the Clerk of the Court who approved the bond.

The cause was tried to a jury at which time there was tendered by plaintiff in addition to the bond, the proceedings in the cause out of which it grew, and also a judgment in a suit against the Lincoln, Lucky & Lee Mining Company fixing the damages. The defendant Cartwright was the only witness for the plaintiff. He testified that he signed the bond, but stated that he never attached his seal to the paper or adopted the seal of any one else. The original of the paper certified to this court by consent shows a signature by the principal obligee, The Lincoln, Lucky & Lee Mining Company, with an impression seal attached. The signatures of the sureties Al Townsend, E. T. Webber, H. B. Cartwright and B. Seligman follow in the order named, each with the word "seal" in parenthesis following except that in the case of Seligman a pen-and-ink scroll surrounds the word seal. The bond was endorsed, approved and filed by the clerk on November 9, 1892. There is no justification or acknowledgment by any of the sureties except Townsend.

Cartwright testified that the bond was brought to him by Webber and that at the time of signing it he told Webber that he would have to have a satisfactory indemnifying bond which Webber promised to furnish but that he signed it without such a bond because Webber wanted to use his name with Seligman, After signing it and on the same or the next day Webber came with an acknowledging officer and wanted him to acknowledge his signature and trust him (Webber) to get the indemnifying bond, but

witness refused to do so because he had no indemnifying bond.* He also testified that it was understood beween Webber and himself that the bond in suit was not to be used until Webber had given the indemnifying bond. This latter was never given and witness did not know that the bond now in controversy had been used until four years later, after Hendry had gotten judgment against the Company.

At the close of the testimony the court instructed the jury to return a verdict for the defendant. A motion for a new trial was stricken out by the court as having been filed out of season but it was held by this court at the last term that the motion was filed within time and stood overruled by operation of law by the arrival of the next regular term. (85 Pac. 1043).

The cause is here upon writ of error.

## OPINION OF THE COURT.

POPE, J.—(after making the foregoing statement of facts.)

The ultimate question in this case is, Was the court below justified upon plaintiff's testimony in giving a peremptory instruction for the defendant?

It is urged by the defendant on the one hand that this action was right for the reason that the bond in question was deposited as an escrow with Webber conditioned upon his furnishing an indemnity bond and that his delivery to the clerk was in violation of the terms of what the defendant says was a special agency and was thus no delivery at all; that independent of this the instrument had at least four defects in form—lack of a seal, of acknowledgment and of justification and because not conditioned as required by the order of court — and that these were sufficient to put the plaintiff and the clerk upon inquiry as to any understanding between Cartwright and Webber; that the instrument sued on was defective as a bond and could not be recovered on as such and that the facts and pleadings did not justify recovery upon it as a common law obligation; and that irrespective of these there could be no recovery because the attempted delivery by the

clerk's filing it in court was in distinct violation of law and void as a delivery.

The plaintiff takes issue upon these positions and urges that the case is controlled by the equitable principle that where one of two innocent persons must suffer by the acts of a third the loss should fall upon that one who placed it in the power of such third person to occasion the loss rather than upon the other.

Disposing first of the facts we find it not entirely clear whether the condition that an indemnity bond should be furnished before the bond was used was imposed by Cartwright at the time the bond was signed or when it was presented for acknowledgment a few hours later. In either event, however, it was imposed as a condition to the use of the bond by Webber before the latter delivered it to the Clerk of the Court. The case made, therefore, is that of a surety who defends against a bond upon the ground that his signing and handing it to the co-surety for delivery was upon the unfulfilled condition that it should not be used until a satisfactory indemnity bond had been furnished him.

We consider this question greatly illumined by two decisions of the Supreme Court of the United Statse, which, of course, are controlling authorities with this court.

In the first of these—Pawling v. United States, 4 Cranch 219—the opinion was written by Chief Justice Marshall. This was a case where Ballinger as collector of the revenue gave a bond with Pawling and four others as sureties. These latter defended upon the ground that although the delivery of the bond to Ballinger was upon condition that it was not to be used until Simon Ingleman and William Patton *named in the face of the bond,* should execute it as co-sureties, the bond was delivered by Ballinger to Morrison, the government agent, without the joining of Ingleman and Patton. There was no proof of any actual notice of this condition communicated to the government or its agents. Upon this state of facts the court held that the finding should be for the defendants.

The other case is Dair v. United States, 16 Wall. 1. In that case the government brought suit on a distiller's

bond .executed by Jonathan Dair and William Sanks as principals and James Dair and William Davison as sureties. , The sureties defended on the ground that they signed upon condition that it was not to be delivered to the plaintiff until executed also by one Joseph Cloud as co-surety, but that the principal obligor, Jonathan Dair, without securing Cloud as co-surety and without the consent of the sureties, delivered the bond to the United States. The bond when so delivered was in all respects regular upon its face and the plaintiff had no notice of the condition. Upon this state of facts the court held the government entitled upon principles of estoppel to a judgment in its favor. The court said:

"The bond was in all respects regular, executed according to prescribed forms and accepted by the officer whose duty it was to take it, as a completed contract. There was nothing on, the face of the paper or in the transaction itself to put the officer on enquiry or to raise even a suspicion in his mind that a condition was annexed to the delivery of the instrument. * * They did not inform the revenue officer of this condition and their omission to do so then estops them from setting it up now."

Distinguishing the Pawling case the court proceeds to say:

"The case of Pawling et al. v. United States has been cited as an authority against the proposition taken in this case; but it is not so, because the additional securities to be procured in that case were named on the face of the bond and this fact is stated in the plea. . If the name of Joseph Cloud appeared as a co-surety on the face of this bond the estoppel would not apply for the reason that the incompleteness of the instrument would have been brought to the notice of the agent of the government, who would have been put on enquiry to ascertain why Cloud did not execute it and the pursuit of this inquiry would have disclosed to him the exact condition of things. In any case if the bond is so written that it appears that several were expected to sign it, the obligee takes it with notice that the obligors, who do sign it can set up in defense the want of execution by the others, if they agreed to become

Hendry v. Cartwright.

bound only on condition that the other co-sureties joined in the execution."

These two cases, the one holding that a bond which is so incomplete on its face as to suggest non-performance of some condition imposed by a surety carries notice to the obligee and relieves the surety, the other holding that when such bond is complete and regular on its face and the obligee has no actual notice of conditions imposed by the surety the latter is bound, constitute the sources from which spring two well defined currents of authority on the subject. These two lines of cases, dealing with variant facts and apparently divergent, are in fact thoroughly harmonious when the distinction between the two original cases is kept in mind.

A few of the cases applying the principles of the Pawling case are: Allen v. Morney, 65 Ind. 398; State v. Churchill, 48 Ark. 426; State v. Wallis, 57 Ark. 64; Cutler v. Roberts, 7 Neb. 4; Ney v. Orr, 2 Mont. 559; State Bank v. Evans, 3 Green N. J. L. 155.

Among those illustrating the principle announced in the Dair Case are: Butler v. United States, 21 Wall. 272; Joyce v. Auten, 179 U. S. 595; Carroll County v. Ruggles, 69 Iowa 273; State v. Pepper, 31 Ind. 77; King Co. v. Ferry, 5 Wash. 536; Deardorff v. Foresman, 24 Ind. 494; Nash v. Fugate, 24 Grat. 202; McFarlane v. Howell, 16 Tex. Civ. App. 246; Dun v. Garrett, 93 Tenn. 650; State v. Peck, 53 Me. 284.

In the first of these lines of cases it will be uniformly found that the surety was acquitted either because the obligee had actual notice of the restriction placed on liability or constructive notice by reason of some incompleteness in the bond. In the last the ever present controlling fact is that the obligee was without actual notice and the bond being complete and regular on its face, he was without constructive notice. It is true that there is a third line of early cases which holds that a condition imposed by a surety upon delivery makes the bond an escrow in the hands of the principal obligor or co-obligor and that although the bond be regular and complete on its face and the obligee be without notice of the condition

the surety in case of delivery is relieved because of the secret restriction between the parties signators to the bond. Among the cases so holding are People v. Bostwick, 32 N. Y. 453, cited by appellee, and apparently Smith v. Kirkland, 81 Ala. 345. The utter repudiation of this remarkable doctrine, so fraught with invitation to perjury and so destructive of the possibility of realizing upon bonds given for public and private security, is illustrated by the judicial comments on People v. Bostwick, the leading case of this line. Perhaps few authorities coming from so eminent a tribunal have met more general condemnation. Among the well considered cases which have commented upon it unfavorably are: Dunn v. Garrett, 93 Tenn. 650, supra; Deardorff v. Foresman, 24 Ind. 492, supra; State v. Pepper, 31 Ind. 77, supra; King Co. v. Ferry, 5 Wash. 536, 34 A. S. R. 880, 888; White v. Duggan, 140 Mass. 18 (opinion by Mr. Justice Holmes) and even courts of the same state which announced it shortly thereafter doubted and criticized it (Russell v. Freer, 56 N. Y. 71) and later in terms abandoning it for the more reasonable doctrine of the Dair case (Richardson v. Rogers, 50 How. Prac, 403, 407.)

Discarding therefore from consideration this third line of authority and confining the case to the first two, it is to be determined to which of these two the present case belongs. This is confessedly a case in which the obligee had no actual knowledge of the limitation imposed by the surety upon his liability. If he is to be relieved from liability therefor it must be upon constructive notice and whether there was this depends in turn upon whether the bond was complete and perfect on its face or whether it was so incomplete as to put the obligee on inquiry as to whether there was any condition imposed by one of the sureties. What will constitute upon the face of the bond such ground for inquiry and consequently such notice of all that inquiry would have ascertained has been the source of considerable discussion by the courts. The greater number of decisions deal with cases where the bond contains the names of sureties other than those who have signed and in this class of cases, following the Pawl-

ing case *supra,* it has been uniformly held that this feature of a bond is sufficient to put the obligee on notice that the surety *may* have signed on condition that all who are named with him in the bond should likewise sign, and that where the surety actually signed on that understanding, the condition as a fact and the notice of the condition as a matter of law both being present the surety is relieved. Sharp v. U. S., 4 Watts (Pa.) 21; Allen v. Morney, 65 Ind. 398, *supra;* State v. Peck, 53 Me. 284, 291; State v. Wallis, 57 Ark. 64, *supra;* Hessell v. Johnson, 63 Mich. 623; Bank v. Smith, 5 Ohio 222. A line of cases kindred to that last mentioned is found where the bond recites principal and sureties but the principal fails to sign. This upon the analogy of the Pawling case is held to carry notice to the obligee that signing by the principal may have been in contemplation of the sureties and thus to necessitate enquiry. Ney v. Orr, 2 Mont. 559; Gay v. Murphy, 134 Mo. 98 and cases cited. A third class of cases comprises those in which a material noticeable erasure is held to put the obligee on notice. Hagler v. State, 31 Neb. 144; State v. Churchill, 48 Ark. 426; King County v. Ferry, 5 Wash, 536; State v. McGonigle, 101 Mo. 353; Hessell v. Johnson, 63 Mich. 623, *supra.* A fourth illustration of this principle is found in cases where some provision of statute relating to sureties is ignored in the bond and this fact held to carry notice to the obligee of possible conditions and to put him on inquiry. An instance of this is found in Cutler v. Roberts, 7 Neb. 4, where the statute required two or more sureties and the bond as filed contained only one and it was said by the court:

"The law in such a case enters into and forms a part of the contract and a surety may insist as a defense in an action on a bond signed by but one surety, that he is not liable thereon, the statute *being notice to all parties concerned* that two sureties were required unless the surety waived the condition prescribed by the statute."

Differing from each of the four just referred to, although similar to the last, is the basis upon which appellee contends that duty of inquiry was by the face of this bond

Hendry v. Cartwright.

put upon the clerk of court as the agent created by law to act for the plaintiff in receiving and approving the bond. It is pointed out that there was a rule of court in force at the time this bond was given as follows:

"Whenever a judge or other officer approves the security to be given in any case, or reports upon its sufficiency, it shall be his duty to require personal securities to justify, or, if the security offered is by way of mortgage on real estate, to require proof of the value of such real estate; and all bonds, undertakings and other securities in writing shall be duly acknowledged in like manner as deeds of real estate, before the same shall be received or filed."

It is further pointed out that this rule under the decisions of this court (Rogers v. Richards; 8 N. M. 665) and of the Supreme Court of the United States (Rio Grande Co. v. Gildersleeve, 174 U. S. 603) has the force of law. It is argued that since the fact that this bond as presented was without acknowledgment "in like manner as deeds of real estate", as required by the rule, such omission was sufficient to put the clerk on enquiry as to why the bond was not acknowledged and indeed under the absolute duty of declining it until acknowledged and that had he performed this duty and made this enquiry he would have ascertained that Cartwright's suretyship was conditioned upon being furnished indemnity. The court below sustained this position both upon the final trial and in a carefully prepared opinion delivered in disposing of the demurrer to the answer, and upon a full consideration of the matter we are of opinion that that conclusion was correct. The rule referred to having all the force of law all parties concerned were presumed to know of its existence and to assume that it would be complied with. Cartwright, therefore, knew when he signed the bond that it could not legally be "received or filed" until he had acknowledged it. He knew that the bond must come back to him for acknowledgment before it could be legally used. He had the right to assume that the clerk would not violate the law, and secure in that assumption had the right to deliver the bond to Webber for the signature of other

sureties, without being irrevocably committed thereby to its payment. He did not thereby bring himself within the doctrine that where one of two innocent parties must suffer by the act of the third, the sufferer must be he who puts it in the power of the third to do the wrong. The plaintiff was not an innocent party. The clerk was his agent provided by law for the receipt and approval of the bond. Allen v. Morney, 65 Ind. 398, 32 A. S. R. 73, 74; Sacramento Co. v. Rhodes, 31 Cal. 74; State v. McGonigle, 101 Mo. 353, 20 A. S. R. 609, 611. The act of the clerk was his act. When the bond was presented to the clerk, the latter knew that he had no right to receive or file it. When it was received and filed by him he knew that he was violating the law. It is a contradiction in terms to say that he is an innocent party and thus entitled to the protection of the law who violates the law in consummation of the transaction in which he seeks protection. Under the uncontradicted facts in this case had the clerk simply complied with the law this bond would never have been filed and this suit would never have had existence. How then can it be said that the obligee is an innocent party within the equitable doctrine above cited. To hold this would in our judgment be simply to permit one to profit by his own wrong. Nor did the act of Cartwright put it in the power of Webber to wrong the plaintiff within the equitable principles above mentioned. Webber was powerless to use this bond for any purpose without the consent of the clerk; that is, without the consent of the plaintiff, whose agent the clerk was. That consent could not legally be given and plaintiff and the clerk knew that fact. It can hardly be contended that Cartwright invested Webber with the power to inflict a wrong upon plaintiff by handing him a paper which the law said he could not use without the consent of his supposed victim and which the law said he could not use at all.

We have not, in reaching this conclusion, overlooked the contention of appellant that the lack of an acknowledgment does not, unless so provided by the statute requiring it, invalidate an instrument and the further very earnest

contention that an acknowledgment is for the benefit of the obligee, and may for that reason be waived by him and in this instance may have been waived in his behalf by the Clerk.

As to the first of these we agree with counsel that an acknowledgment as a rule is not essential to the validity of an instrument and that a recovery may usually be had upon such even if unacknowledged. The present question, however, is not as to the validity of the bond sued on but whether there was sufficient upon the face of it to provoke inquiry by the clerk, when presented to him, as to whether it was signed upon condition. We hold that the lack of an acknowledgment when the law said there must be one *before* filing was sufficient to provoke inquiry as to the reason for such omission. Nor is this a case where a requirement may be dispensed with by a party as being created by law purely for his benefit. Taylor County v. King, 73 Ia. 157, relied upon by appellant was such a case. In that case, however, while the requirement was that the sureties should justify there was no prohibition upon receiving the bond because of absence of justification and it was held that such a requirement being one that might be waived, a lack of justification on the bond did not put the obligee on enquiry. Clearly, however, the only person concerned with the sufficiency of a bond is the party in whose favor it is made. The surety presumably knows the condition of his personal finances and the fact that he does not make affidavit to that condition concerns only his obligee. On the other hand the requirement of acknowledgment is for the benefit of both parties. It is no less to the advantage of the alleged obligor that the use of his name upon instruments of importance shall be safeguarded by the requirement of an acknowledgment than for the benefit of the obligee that the proof of his instrument shall be rendered beyond question by that requirement. The Iowa case would perhaps be in point were this case being decided upon the first provision of the rule above quoted which requires "the Clerk to require personal securities to justify", for as we have seen no one but the obligee is concerned with the sufficiency of the security. But we are here dealing with the latter part

of the rule which says that the bond must be acknowledged "in like manner as deeds to real estate"—a matter in which the party signing is likewise interested—and which in addition to what was present in the Iowa case further requires that this must be done "before the same shall be received or filed."

It should finally be recalled that this case is one dealing not with the principal obligor but with the surety, one of a class favored by law, whose liabilities are to be judged *strictissimi juris*. The undisputed evidence shows that Cartwright did not know that this bond had been used until years after its signing and as he had the right to rely upon its being brought back to him for his acknowledgment he was not called upon to enquire. On the other hand as Hendry's mine was being worked on the strength of this bond he knew of its existence at once and was put on enquiry, by its lack of an acknowledgment, as to whether there were any conditions connected with it. He had the choice either of enquiring, learning the facts and exacting of the Lincoln, Lucky Company a new bond, or of taking his chances that the sureties signed unconditionally. He chose the latter with the result that in our judgment the fortunes of litigation are against him.

The judgment is accordingly affirmed.

SYLLABUS (BY THE COURT).

